431 A.2d 228

ALEXANDER & ALEXANDER, INC.

v.

CENTRAL PENN NATIONAL BANK, John G. Berg, Franklin Equity Corp. (formerly Franklin National Prop. Inc.), Arcon, Inc., Applied Resources Corporation and/or Applied Resources Associates, Bo Brock Realty Co., Walton Road Corporation, John Lofton, Inc., English Village Associates, Montgomery County Industrial Development Authority, Plymouth Meeting Management Corp., James W. Hughes & Co., J. W. Hughes Construction Co.

Appeal of John G. BERG.

Supreme Court of Pennsylvania.

Submitted Jan. 19, 1981.

Decided July 2, 1981.

David J. Ackerman, Philadelphia, for appellants.

Jess Leventhal, Philadelphia, Roger B. Reynolds, Jr., Norristown, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

This is an appeal from an Order of the Superior Court affirming the Order of the Court of Common Pleas of Montgomery County, refusing to release collateral posted for a bond. We reverse.

In 1975 appellee, Alexander & Alexander, sued appellant Berg and eleven other defendants. The gist of the complaint is that the defendants "jointly and severally" requested the appellee to issue certain bonds, policies of insurance and endorsements, and that these instruments were issued pursuant to the requests of the defendants, but the premiums were not paid. Alexander sued for payment and won a default judgment in Philadelphia County in the amount of $18,254.19. The judgment was transferred to Montgomery County and Alexander obtained a writ of execution. Thereafter, Berg, the appellant herein, petitioned for and was granted a stay of execution pursuant to Pa.R.C.P. 3121, which provides that execution shall be stayed upon entry of bond, with security approved by the Prothonotary. Berg submitted a stock certificate with a value of $37,500.00 as security on the bond. Following unsuccessful appeals to the Superior Court and this Court challenging the default judgment, Berg petitioned for and was granted a modification of the judgment against him personally, fixing his liability at $502.00 plus interest. Berg paid this sum to Alexander, who

then petitioned the court to vacate the stay of execution. The court vacated the stay and pursuant to the terms of his bond Berg petitioned for return of his $37,500.00 stock certificate. Berg's petition was denied and this appeal followed.

Alexander argues that Berg is liable *on the bond* for the entire amount of the judgment which is unpaid. Berg argues that the bond, by its terms, released him from liability when the court vacated the stay of execution. The bond provides:

> KNOW ALL MEN BY THESE PRESENTS, that I, John G. Berg, Esquire, hereinafter called "Obligor," am held and firmly bound unto the Commonwealth of Pennsylvania and/or Alexander & Alexander, Inc. in the just and full sum of Twelve Thousand Dollars ($12,000), lawful money of the United States to be paid to the said Obligee; to which payment, will and truly to be made and done, I hereby bind myself, my heirs and personal representatives, and every one of them, jointly and severally, firmly by these presents. Sealed with my seal this 19th day of March 1976.

> The condition of this obligation is such, that, whereas, in and by a certain writ of execution issued in the above-captioned action, the sheriff of Montgomery County did levy upon and attach certain property located in Suite 100, Plymouth Plaza, Plymouth Meeting, Pennsylvania, for the satisfaction of a judgment in the amount of Seventeen Thousand Eight Dollars ($17,008) with interest and costs.

> Now if the said Obligor, his heirs or his personal representatives, shall and will satisfy the judgment, interest and costs, within ninety (90) days hereinafter, then the above obligation to be void and of no effect, and otherwise to be and to remain in full force and virtue until leave of Court is granted to further pursue the execution.

The Superior Court correctly recited the law respecting the construction of covenants in a bond:

> The covenants in a bond should be construed to mean what the parties intended in so far as that intention can

be ascertained by the words used . . . . If, however, the language is not free from doubt, then the circumstances surrounding the making of the bond, and particularly the purpose for which it was given, should be taken into account. (Citations omitted.)

*E. P. Wilbur Tr. Co. v. Eberts,* 337 Pa. 161, 168, 10 A.2d 397, 400 (1940). Contrary to the lower court, however, we find no ambiguity in the language of the bond. Furthermore, even if the language were unclear, the circumstances surrounding the making of the bond would require a result different from that reached by the courts below.

The lower courts (Spaeth, J. dissenting) and Alexander fasten their attention on one word in the last paragraph— the word "and"—and interpret the paragraph to require that in order for Berg to be released from the bond he must fulfill two conditions: (1) he must pay the judgment *and* (2) the court must vacate its stay of execution. Not only does this interpretation defy the plain meaning of the instrument, but also, if given effect, would work an injustice on Berg.

The provisions of the last paragraph are written in the disjunctive. The proper focus of attention is the phrase "and otherwise," not the word "and" in isolation. A paraphrase of the sense of the instrument is that Berg will remain liable on the bond until he pays the judgment; *and otherwise* [i. e., if he does not pay the judgment] he will remain liable on the bond until the court vacates the stay of execution. The word "and" is used not to signal the presence of a conjunctive condition for release, but merely to connect the main clause with another clause having to do with the same subject matter. The word "and" is a grammatical connector of clauses, not a connector of conditions for release.

As to the injustice that would result from the lower courts' interpretation of the instrument, consider that Berg was sued with eleven other co-defendants in a lawsuit which alleged that he was jointly and severally liable for the amount of the judgment, $18,254.19. Berg alleged and

subsequently proved that he was not liable for this amount, but for $502.00, which he then paid. But in order for Berg to be able to contest the default judgment, he was required to move for a stay of execution and to execute a bond, pursuant to Pa.R.C.P. 3121. It would be manifestly unjust to require that Berg not be released from the bond after he had successfully adjudicated his claim and paid his liability, where, as a condition precedent to adjudicating his individual liability, Berg was required to execute a bond, and where the terms of the bond require release.

If the judgment had been satisfied, there could be no execution. We conclude the language in the bond itself requires that the bond be voided and the collateral returned to its owner.

Reversed with directions to the Court of Common Pleas of Montgomery County to release Berg's collateral and to declare the bond void.