**In re GREAT EASTERN EXPRESS, INC., f/k/a J & D Trucking, Inc., f/k/a John E. Stull, Debtor.**

**TANEYTOWN TIRES, INC., Plaintiff,**

v.

**J & D TRUCKING CO., INC., Defendant.**

**Bankruptcy No. 1–82–00827.
Adv. No. 1–83–0001.**

United States Bankruptcy Court,
M.D. Pennsylvania.

March 13, 1984.

Alan M. Cashman, Crabbs, Cashman & Frey, Hanover, Pa., for plaintiffs.

Kenneth L. Rotz, John Wills Beach, P.C., Gettysburg, Pa., for defendants.

## MEMORANDUM DENYING RELIEF FROM THE AUTOMATIC STAY AND ORDERING THE TURNOVER OF A CASH BOND

ROBERT J. WOODSIDE, Bankruptcy Judge.

On September 13, 1982, the debtor filed a petition in bankruptcy seeking relief under Chapter 11 of the Bankruptcy Code. A creditor, Taneytown Tires, Inc. (Taneytown), filed a complaint to modify the automatic stay. The debtors filed an answer and we held a pre-trial conference at which time counsel agreed to have their issues decided on briefs. At that pre-trial conference, we entered an order removing the issues from the Court of Common Pleas of York County.

Taneytown sued the debtor in the Circuit Court for Carrol County, Maryland on May 26, 1980. The Maryland Court has jurisdiction of the subject matter and personal jurisdiction was obtained by valid service of process. The debtor retained counsel who entered his appearance and filed a counterclaim. On February 26, 1981, the Maryland court granted judgment for Taneytown. No appeal was taken from that judgment.

Taneytown seeking to enforce the judgment it had obtained retained Pennsylvania counsel, who had the judgment entered in Pennsylvania and a Writ of Execution issued pursuant to the Uniform Enforcement of foreign judgments act. Certain personal property of the debtor was levied upon by the sheriff, but before the sale of the property, debtor obtained Pennsylvania counsel who paid on its behalf the amount of seven thousand five hundred dollars ($7,500) as a cash bond in the Common Pleas Court in order to obtain a stay pending determination of its Petition to Open or Strike the judgment. The stay was granted by the Common Pleas Court of York County and that court was ready to make a determination on the issues when the petition in bankruptcy stayed further state court action.

Taneytown has requested that we modify the automatic stay to allow the York Coun-

ty Court to decide the case. At the pre-trial conference, we decided to take jurisdiction and to decide the following issues: (1) whether this court may go behind the judgment rendered by the Maryland court; and, (2) whether the seven thousand five hundred dollars ($7,500) paid into the York court as a cash bond is security for Taneytown's claim.

## DISCUSSION

The procedure by which these issues are before us is somewhat anomalous. Although Taneytown has filed a complaint seeking relief from the automatic stay, it has failed to allege or argue any of the factors which are normally attendant to automatic stay litigation such as: debtor's equity, adequate protection, or the debtor's lack of ability to reorganize. *See* 11 U.S.C. § 362(d). Taneytown did not ask that we modify the stay to allow the York court to make a determination on the debtor's petition, but rather wants relief to execute on the judgment. The substance of the complaint goes to the validity of Taneytown's judgment.

We think that implicitly the debtor has objected to Taneytown's claim [1] under section 502 of the Bankruptcy Code. Section 502 provides for the determination of claims in pertinent part as follows:

(a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a partner in a partnership that is a debtor in a case under Chapter 7 of this title, objects.

(b) Except as provided in subsections (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—

(1) such claim is unenforceable against the debtor, and unenforceable

against property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured; . . . .

11 U.S.C. § 502.

·The debtor has challenged the enforceability of Taneytown's judgment under Pennsylvania law. Persuasive authority suggests that such a challenge under state law is reviewable by the Bankruptcy Court:

The import of enacted section 502(b)(1) is thus clear. To the extent that applicable law, including state law, would afford the debtor a defense to a claim of a creditor, in whole or in part, absent bankruptcy, such defense is available to the trustee in objecting to the claim to the end that it would be disallowed and disentitled, therefore, to share in a distribution of the debtor's assets. Thus, if a claim would be unenforceable against the debtor or against property of the debtor because, under applicable law, the debtor could raise the defense of usury, fraud, lack of consideration, or unconscionability, or the expiration of a statute of limitations, such defense affords the trustee a basis for the disallowance of the claim on the ground that it would be unenforceable under applicable law.[14] In short, for the purposes of determining the allowability of a claim, the trustee is basically given the benefit of any defense available to the debtor of a personal nature which the debtor could have interposed, absent bankruptcy in a suit on the claim by the creditor.[15]

3 Collier on Bankruptcy, para. 502.02, pp. 502–22, 23 (15th ed. 1979).

Here, the debtor seeks to open the judgment entered against it by the Maryland Court which was transferred to York County. We think that if the debtor could have had the judgment opened by the York Court, it can have the judgment opened by this Bankruptcy Court.

However, in this case, we think that review of the judgment is precluded because

---

**1.** Taneytown filed a proof of claim in the amount of $9,254.34 plus interest based on its

judgment lien.

no sufficient grounds to open the judgment have been alleged. Moreover, the debtor has admitted that it submitted to the jurisdiction of the Maryland court by having filed an answer and counterclaim, and then by having failed to appeal the judgment entered against it by that court.

■ Under Pennsylvania law, full faith and credit is afforded to judgments transferred from other states. *See* 42 Pa.Con. Stat.Ann. § 4306 (Purdon 1976). Pennsylvania courts, however, have recognized that judgments entered by a foreign state may be collaterally attacked where it is shown that the foreign court had lacked jurisdiction or a violation of due process had occurred. *See Barnes v. Buck,* 464 Pa. 357, 346 A.2d 778 (1975). Accordingly, because the debtor has failed to demonstrate a violation of due process[2] and also has admitted to the jurisdiction of the Maryland court, we therefore conclude that the petition to open judgment must be denied.

■ The remaining issue is whether the cash bond paid to the York court to stay the execution on the debtor's property now serves as security to which Taneytown is entitled. We think that the cash bond was "intended to *protect* the judgment, not to serve as the vehicle for *satisfying* it . . . ." *Alexander and Alexander, Inc. v. Central Penn National Bank,* 279 Pa.Super. 323, 421 A.2d 220, 223 (1980) (Spaeth, J., Dissenting), reversed, 494 Pa. 219, 431 A.2d 228 (1981).

We also think that the automatic stay which arose on the filing of the debtor's petition under section 362 of the Bankruptcy Code supersedes and preempts the stay granted by the York court. The cash bond represents cash collateral of the bankrupt estate under section 541 of the Bankruptcy Code. We therefore conclude that the cash bond[3] in the amount of $7500 must be turned over to the debtor-in-possession to be held as cash collateral for the benefit of the bankrupt estate.

Furthermore, we conclude that no relief from the automatic stay will be granted at this time because Taneytown failed to present evidence sufficient to provide it relief under subsection 362(d) of the Bankruptcy Code.

Accordingly, an appropriate order will be entered.

---

**2.** Although debtor did contend that it did not receive notice of the Order entered against it, no allegation was made that notice was not given. In addition, the debtor admits having received notice of the transfer and entry of the judgment by the Court of Common Pleas of York County, Pennsylvania.

**3.** The amount of the cash bond was tendered from the Prothonotary of York County to the parties' attorneys jointly pursuant to our order of January 6, 1984.