346 A.2d 778

Virginia L. BARNES, Guardian of the Estate
of Betty J. Buck, Appellant,

v.

Robert C. BUCK.

Supreme Court of Pennsylvania.

Argued Nov. 22, 1974.

Decided Oct. 30, 1975.

Ambrose R. Campana, Campana & Campana, Williamsport, for appellant.

Richard T. Eisenbeis, John A. Felix, Fine, Eisenbeis & Felix, Williamsport, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY and MANDERINO, JJ.

## OPINION OF THE COURT

POMEROY, Justice.

This is a suit in equity for support and maintenance [1] brought on behalf of Betty J. Buck [2] against her alleged husband, Robert C. Buck. Concluding that Betty and Robert Buck were not married and that therefore Betty was not entitled to relief, the trial court dismissed the complaint. This appeal by Betty's guardian followed. [3] We affirm.

Betty J. Buck and Robert C. Buck, the appellee, were legally married in Pennsylvania in 1950, and in 1971 were purportedly divorced in Ohio at the suit of the husband by decree of the Court of Common Pleas of Knox County, Ohio. The question presented is whether or not that decree of divorce is entitled to full faith and credit in Pennsylvania. [4]

1. Act of May 23, 1907, P.L. 227, § 1, as amended, 48 P.S. § 131.
2. The suit was brought by Virginia Barnes, the appellant, who was appointed guardian of the estate of Betty J. Buck after the latter had been declared mentally incompetent by the Court of Common Pleas of Lycoming County, Pennsylvania, on October 11, 1972.
3. Act of July 31, 1970, P.L. 673, No. 223, art. II § 202, 17 P.S. § 211.202(4) (Supp.1975).
4. Article IV, Section 1, of the Constitution of the United States provides:
   "Full Faith and Credit shall be given in each State to the public Acts, Records, and Judicial Proceedings of every other State. And the Congress may by General Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof."

The parties had moved to Ohio in 1954 and were there domiciled at the time of the divorce proceeding. Betty was served with process in that action, but did not appear or defend. The Ohio court found that she had been guilty of gross neglect of duty entitling her husband to a divorce, custody of the minor child of the parties and to division of marital property. It entered a decree accordingly. Subsequent to the divorce the parties separately returned to Pennsylvania, and were residents of this State at the time the present suit was brought.

There is no dispute that the Ohio court had jurisdiction over the parties and the cause of action and that its divorce decree has not been vacated or set aside. The appellant contends, however, that the divorce was fraudulently obtained in that Robert concealed from the Ohio court Betty's known mental incompetence, that this would serve to vitiate the decree in Ohio, and that therefore the decree is not entitled to full faith and credit. Robert responds that the issue of the validity of the divorce decree has been settled adversely to Betty by the same court that entered the divorce decree, and that its

The Act of June 25, 1948, c. 646, 62 Stat. 947, 28 U.S.C. § 1738, provides:

"The Acts of the legislature of any State, Territory, or Possession of the United States, or copies thereof, shall be authenticated by affixing the seal of such State, Territory or Possession thereto.

"The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.

"Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken."

The copies with which we have been furnished of the divorce decree and order of dismissal involved in this appeal have not been authenticated in the manner prescribed by the Act of 1948, *supra*. Neither party has, however, questioned the authenticity of those copies. We shall therefore assume that they are genuine.

reaffirmance of the decree is itself entitled to full faith and credit. To this contention appellant replies that the Ohio court's action in the latter proceeding was a nullity. The relevant facts as to this claim follow.

█ In January of 1973, about 13 months after the divorce decree had been entered, Betty Buck's guardian filed in the Knox County, Ohio, Court of Common Pleas a petition to set aside the divorce decree on the ground that her husband had fraudulently failed to disclose to the court that Betty was mentally incompetent when the divorce action was brought. A hearing upon this petition was fixed for February 16, 1973. On February 9, however, the lawyer for appellant mailed to the clerk of the Knox County court a praecipe to discontinue the action to set aside the divorce decree for the reason that Robert was then residing in Lycoming County, Pennsylvania. The record shows that this praecipe was received by the clerk of court and marked "filed" on February 15, 1973. The scheduled hearing was held nevertheless on the next day, and, when the petitioner failed to appeal, the Knox County court granted Robert's motion for dismissal of the petition.[5] The text of the decree is reproduced in the margin.[6]

5. Meanwhile, appellant had commenced the instant suit by filing, on February 5, 1973, her complaint in equity seeking an order of support pursuant to the Act of 1907, note 1 *supra.* Robert's answer averred that he was no longer under a duty of support because of the 1971 divorce, and sought dismissal of the complaint on that ground. The court below ultimately granted the motion to dismiss after commencement of trial but before completion of appellant's case. The court apparently (and properly) treated Robert's motion as being in effect one for summary judgment. See Pa.R.C.P. 1035.

6.          IN THE COMMON PLEAS COURT,
                     KNOX COUNTY, OHIO

ROBERT C. BUCK   :⎤
    Plaintiff         |
       v.        :⎬          CASE NO. 25738
BETTY J. BUCK        |          JUDGMENT DECREE
    Defendant    :⎦

   This cause came on to be heard upon the 16th day of February, 1973, on Petition (Complaint) of Virginia L. Barnes, duly appointed Guardian of Betty J. Buck, defendant herein.

■■■ The decree of the Ohio court dismissing the petition to set aside the divorce decree, like the divorce decree itself, is entitled to full faith and credit in the courts of Pennsylvania, note 4, *supra*. That is, we must give it the same recognition and *res judicata* effect as it would receive in the courts of Ohio.[7] *Durfee v. Duke*, 375 U.S. 106, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963) ; *Johnson v. Muelburger*, 340 U.S. 581, 71 S.Ct. 474, 95 L.Ed. 552 (1951); *Lynne Carol Fashions, Inc. v. Cranston Print Works Co.*, 453 F.2d 1177 (3d Cir. 1972). In an effort to show that the order of dismissal is not entitled to recognition, appellant argues that her voluntary discontinuance of the action to set aside the divorce decree terminated that action on the date the praecipe to discontinue was filed (February 15, 1973); that the Ohio court either intentionally ignored the praecipe or was not made aware of it, but that in either event the parties to the proceeding were no longer properly before the Ohio court on February 16, 1973; and that the order of dismissal for want of prosecution entered that day was a nullity.[8]

Upon the failure of the said Virginia L. Barnes, Guardian, or her attorney, to appear in court and to prosecute the claim set forth in the Petition aforementioned, the Plaintiff, through his Attorney, moved for a dismissal of the action.

After due consideration the Court finds the Motion of the Plaintiff to be well taken and that it should be, and the same is hereby sustained.

It is therefore the Order of the Court that the Petition (Complaint) of Virginia L. Barnes, Guardian of the estate of Betty J. Buck, the defendant herein, be dismissed and that Virginia L. Barnes, as such Guardian, pay the costs herein.

s/ Charles W. Ayers<br>JUDGE

APPROVED:

s/ Jack T. Zeller

Attorney for Plaintiff

7. Rule 41(B) of the Ohio Rules of Civil Procedure, effective at the time of the proceeding here challenged, provides that a dismissal for failure to prosecute an action generally operates as an adjudication on the merits.

8. Appellant also asserts that the dismissal was ineffective because not preceded by notice to her as required by Ohio Rule of Civil Procedure 41(B)(1).

364

This argument is based upon an Ohio rule of civil procedure which provides that normally a notice by a plaintiff of dismissal of an action is without prejudice.[9]

In effect, appellant is contending that her voluntary dismissal before trial of the action to set aside the divorce decree "effectively ousted the court's jurisdiction" (appellant's brief at 7), and hence deprived it of the power to enter a decree on the merits. It is true that the full faith and credit clause does not require that we give recognition to a judgment rendered without jurisdiction or without notice and a fair opportunity to be heard; indeed, due process of law mandates that we not do so. See *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); Restatement (Second) of Conflict of Laws § 104 and the comment thereto (1971). When, however, the court of another state has purported to act on the merits of a case, its jurisdiction to do so and the regularity of its proceedings are presumptively valid. See *Williams v. North Carolina*, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577 (1944). In the case at bar appellant has failed to carry her burden of showing that the proceedings in connection with her petition to set aside the divorce were irregular in any manner. It is clear that appellant had notice of the February 16 hearing on the petition, and the opportunity to be present. As the court below observed, there is "no indication that plaintiff's praecipe [to discontinue] was not considered

9. Rule 41(A)(1) of the Ohio Rules of Civil Procedure provides that, subject to certain exceptions not here relevant, "an action may be dismissed by the plaintiff without order of court (a) by filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by the defendant, or (b) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of a dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court, an action based on or including the same claim."

by the Ohio court in issuing its order of February 16, 1973," nor has the appellant cited "authority or evidence indicating that the Court of Common Pleas of Knox County acted contrary to the Ohio law." No appeal was taken from that court's February 16 order, entitled "judgment decree", see note 6, *supra,* and it stands as a final judgment or decree of an Ohio court of record. As such, it must be accorded full faith and credit. It follows that under ordinary principles of *res judicata* [10] appellant may not again litigate in our courts the question of fraudulent procurement of the divorce decree.[11]

Because the divorce decree stands unimpaired after challenge in the State of rendition,[12] Betty

10. It is, of course, a well-settled principle of *res judicata* that a final personal judgment on the merits in favor of a defendant bars a subsequent action on the same claim by the plaintiff against the defendant. Restatement (Second) of Judgments §§ 45, 48, and 48.1 (Tentative Draft No. 1, 1973); Restatement of Judgments §§ 48–54 (1942). Moreover, the resolution of an issue in a valid, final judgment is conclusive in a subsequent action upon another claim between the same parties. The latter rule has been known traditionally as the rule of "collateral estoppel". See, generally, Restatement of Judgments §§ 68–72 (1943). The proposed Restatement (Second) of Judgments, however, speaks in terms of "issue preclusion". See Restatement (Second) of Judgments §§ 68, 68.1 (Tentative Draft No. 1, 1973).

11. Appellant has not cited and our research has not disclosed any Ohio cases in which the *res judicata* effect of Rule 41(b) dismissal has been determined, and the case law interpreting Federal Rule 41(b), upon which the Ohio rule was based, is not entirely clear. See and compare *Costello v. United States,* 365 U.S. 265, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961); *Nasser v. Isthmian Lines,* 331 F.2d 124 (2d Cir. 1964); *Kern v. Hettinger,* 303 F.2d 333 (2d Cir. 1962); *Madden v. Perry,* 264 F.2d 169 (7th Cir. 1959). We must therefore assume that by providing that a dismissal for failure to prosecute shall operate as an adjudication on the merits, Rule 41(b) contemplates that such dismissals shall have full *res judicata* effect.

12. Even had the divorce decree not been challenged and upheld by the courts of Ohio, a collateral attack upon it by a plaintiff in the courts of this Commonwealth would not normally be entertained. Although the full faith and credit clause does not require a sister State to give a greater, more conclusive or more final effect to a foreign judgment or decree than would be given it by the courts of the rendering State, see the Act of June 25, 1948,

and Robert Buck cannot be considered as husband and wife in Pennsylvania. There is thus no basis in law for the support action, and the trial court was correct in dismissing it.

Decree affirmed; costs to be equally divided between the parties.

NIX, J., did not participate in the consideration or decision of this case.

ROBERTS, J., filed a concurring opinion.

MANDERINO, J., filed a dissenting opinion.

ROBERTS, Justice (concurring).

I concur in the result because the full faith and credit clause of the Constitution does not require that Pennsylvania entertain in its courts a nonjurisdictional collateral attack on the Ohio judgment.

On this record appellant has failed to establish that her attack on the Ohio judgment rests on jurisdictional grounds. She is, therefore, properly denied relief in this proceeding.

MANDERINO, Justice (dissenting).

I dissent. Rule 41(a)(1) of the Ohio Rules of Civil Procedure allows a petitioner to voluntarily discontinue a case without prejudice, provided the case has not previously been discontinued. Since appellant filed on Febru-

note 4 *supra*, 28 U.S.C. § 1738; and Restatement (Second) of Conflict of Laws § 115 and Comment *b* thereto (1971), principles of interstate comity would indicate abstention by Pennsylvania courts in favor of the courts of the rendering State, in light of their special competence to pass upon the validity of the public acts, records and judicial proceedings of that State. Thus a party seeking relief in our courts on the basis of asserted invalidity (other than jurisdictional) of the judicial proceedings of another State should normally be relegated to the courts of that State for the establishment of the invalidity.

ary 15, 1973, a praecipe for discontinuance of her petition to set aside the Ohio divorce decree, the Court of Common Pleas of Knox County had no jurisdiction over the case on February 16, 1973. Therefore, its dismissal of appellant's petition for failure to prosecute was void.

I would, therefore, reverse the chancellor's decree and remand for a hearing to determine the validity of the Ohio divorce decree.