Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant v. Felix Granito, Appellee.

Argued September 15, 1982, before President Judge CRUMLISH, JR. and Judges BLATT and DOYLE, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

No appearance for appellee.

OPINION BY JUDGE DOYLE, November 22, 1982:

This is an appeal by the Commonwealth Department of Transportation (Department) from a ruling of the Court of Common Pleas of Beaver County, reversing the suspension of the driving privileges of Felix Granito by the Department. For the reasons

which follow, the Court of Common Pleas must be reversed.

Granito's license and vehicle registration were suspended pursuant to Section 1413 of the Motor Vehicle Code (Code), Act of April 29, 1959, P.L. 58, *as amended, formerly* 75 Pa. C. S. §1413, repealed by the Act of June 17, 1976, P.L. 162. The provisions are now found at 75 Pa. C. S. §1742.[1] The Ohio judgment resulted from an automobile accident in Ohio in which Granito's car, driven by his daughter, was involved. Granito appealed the suspension to the Court of Common Pleas of Beaver County and his appeal was sustained. The Department appealed to the Commonwealth Court and we remanded for the taking of additional testimony regarding Granito's knowledge of the Ohio proceedings. On remand, neither Granito nor the Department offered additional evidence and the trial court again found the suspension invalid because the Ohio judgment was entered without proper notice to Granito.

This Court, in *Pennsylvania Department of Transportation v. Rodgers,* 20 Pa. Commonwealth Ct. 393, 341 A.2d 917 (1975), held that a judgment debtor cannot be permitted to attack a tort judgment collaterally in a license suspension proceeding. That case involved a driver who was involved in an accident in Colorado and the resulting unsatisfied judgment in that state was invoked to suspend her Pennsylvania driving privileges. We held for the first time in that case that the statutory purpose of Section 1413 was to promote the financial responsibility of drivers and aid in the collection of debts against

---

[1] The Code provides: "The department, upon receipt of a certified copy of a judgment, shall suspend the operating privilege of each driver and registration of each owner against whom the judgment was rendered. . . ."

negligent owners and drivers. We saw no reason to limit the statutory provisions to Pennsylvania judgments and indeed reasoned that the Full Faith and Credit clause of the United States Constitution[2] precluded such a limitation.

In *Rodgers* we also reasoned that due process was not affronted in the refusal to permit a collateral attack on the judgment. We noted that while the United States Supreme Court, in *Bell v. Burson,* 402 U.S. 535 (1971) had required a hearing in suspension cases for failure to post security against *future* negligence, once a negligence claim was reduced to judgment, the only due process requirements to be complied with would be to ascertain "that the person whose license is in jeopardy is the same person against whom the judgment was entered." *Rodgers,* 20 Pa. Commonwealth Ct. at 400-01, 341 A.2d at 921. There is no question here that Granito is the person against whom the Ohio judgment was entered.

Granito urges, rather, that he did not consent to the entry of the Ohio judgment against him and that any awareness he had of the Ohio proceeding was inadequate to confer proper jurisdiction on the Ohio court. He testfied vaguely about his knowledge of the Ohio claim[3] and denied participation or appearance before the Ohio tribunal. The Department was unable to rebut this testimony because the small amount of the judgment made participation by the judgment creditor in the collateral matter of the license suspension prohibitively costly. In *Rodgers,* the driver also alleged that she had inadequate notice

---

[2] U.S. Const. art. IV, §1.

[3] It was because of Granito's vague testimony about his contact with Ohio attorneys participating in the judgment that this Court remanded on the first appeal. *Bureau of Traffic Safety v. Granito,* 46 Pa. Commonwealth Ct. 556, 558, 407 A.2d 1371, 1372 (1979).

of the out of state proceeding but we saw no reason to allow a collateral attack. We noted that the judgment debtor's remedy is to attack the judgment directly and suggested that a refusal of the Department to stay suspension during the direct attack would be an abuse of discretion.

We find no reason to decide this case contrary to our reasoning in *Rodgers*. Full faith and credit demands that we recognize the judgments of our sister states and give them at least the same effect and validity as they enjoy in the rendering state. Due process will demand that our courts allow a judgment debtor to directly attack the validity of a foreign judgment on jurisdictional grounds in an action in our courts to execute on that judgment, but such is not the case here. Due process does not demand that we permit a collateral attack, when execution on the judgment is not sought.

We note that even if due process should require us to permit a collateral attack on the jurisdiction of the Ohio court, our Supreme Court has held that the jurisdiction of a sister state's court will be presumed if the courts of that state act on the merits of the case. *Barnes v. Buck*, 464 Pa. 357, 346 A.2d 778 (1975). The party attacking the validity of the judgment bears the burden of showing the irregularity in the establishment of jurisdiction in the rendering court. *Id.* We cannot say here that, with the taking of *no* additional evidence on remand, Granito has met his burden of showing that jurisdiction in the Ohio court was improper.

### ORDER

Now, November 22, 1982, the order of the Court of Common Pleas of Beaver County, in the matter of the appeal of the motor vehicle privileges of Felix Granito, is hereby reversed.