517 A.2d 1324

COMMONWEALTH of Pennsylvania

v.

Gerald RYAN, Appellant.

Superior Court of Pennsylvania.

Submitted March 31, 1986.

Filed Nov. 18, 1986.

Robert F. Pappano, Assistant Public Defender, Chester, for appellant.

Vram Nedurian, Jr., Assistant District Attorney, Newton Square, for Com.

Before BROSKY, HESTER and ROBERTS, JJ.

ROBERTS, Judge:

Appellant was convicted of driving while intoxicated and of driving while under suspension. He contends that the trial court erred by dismissing his omnibus pre-trial motion, that 75 Pa.C.S.A. § 3731 is unconstitutional, that the court erred in failing to compel appellant's admission into accelerated rehabilitative disposition (ARD), and that the evidence was insufficient to sustain his conviction for driving while under suspension. The judgment of sentence is affirmed.

Appellant was arrested in the early morning hours of December 10, 1983 when police observed him erratically operating an automobile through Brookhaven Borough in Delaware County. At the time of his arrest, appellant could not produce a driver's license or registration card. He identified himself as Pat Ryan, a name he later claimed to be his wife's. He refused to submit to a breathalyzer test, and when informed that the refusal would lead to a twelve-month suspension of his driver's license, boasted that he had been driving without a license for 10 years.

On March 6, 1984, appellant appeared at his arraignment and pleaded not guilty to driving while intoxicated, driving while under suspension and reckless driving. Pre-trial motions were filed on May 10, 1984, seeking to compel ARD, to vacate a license suspension imposed under 75 Pa.C.S.A. § 1547, to suppress the statement made when appellant was arrested, and challenging the constitutionality of the ARD rules, Pa.R.Crim.P., Rules 175–185 and of 75 Pa.C.S.A. § 3731. The court dismissed the pre-trial motions on the ground that they were not timely filed. In its post-verdict opinion, the trial court reached the merits of two questions, upholding the constitutionality of § 3731 and holding that the District Attorney has sole discretion to determine placement in ARD.

■ It is well-settled that issues which are not timely raised in the trial court are foreclosed for purposes of appellate review, *Commonwealth v. Griffin*, 271 Pa.Super. 228, 236, 412 A.2d 897 (1980). Rule 307 of the Pennsylvania Rules of Criminal Procedure requires pre-trial motions to be

filed within 30 days after arraignment. Here, the motions were filed over 60 days after arraignment, more than 30 days after they were due. Nevertheless, appellant argues that compliance with the "omnibus" requirement in Pa.R. Crim.P., Rule 306 in the 30 days required by Rule 307 was impossible to achieve in this circumstance. Specifically, he contends that to file within 30 days would have required omission of the motion to compel ARD, and, as such, would have violated Rule 306. We reject this analysis. Both Rules 306 and 307 clearly provide for the situation where grounds for additional motions come to light beyond the thirty days. Accordingly, proper procedure would have been to file motions the bases of which were clear within 30 days after arraignment. Since appellant did not follow this procedure, his claims relating to suppression of the statement, suspension of the operator's license, and the constitutionality of the ARD rules and the nonsentencing portions of § 3731 were not timely filed and are waived. *See Griffin, supra.* His motion to compel ARD, the grounds for which were not available within 30 days, is preserved, but is without merit. *See Commonwealth v. Lutz,* 508 Pa. 297, 495 A.2d 928 (1985). The challenge to the mandatory sentencing provisions of § 3731 deals with a post-trial aspect of the case, but was included in a pre-trial motion. Accordingly, it was timely filed and is preserved.

■ Appellant contends that the mandatory sentencing provisions violate equal protection, since individuals who are not included in the ARD program are subject to a mandatory sentence, while those who are included in ARD are exempt from such a sentence. This argument overlooks the simple notion that only individuals who have been convicted of driving while intoxicated are subject to the mandatory penalty. Since those who have been placed in ARD have not been convicted of this offense, *see Commonwealth v. Knepp,* 307 Pa.Super. 535, 541, 453 A.2d 1016 (1982), the predicate for imposing the penalty has not been established. Appellant is thus not entitled to equal protection relief, since by virtue of the fact that he was convicted

of the driving while intoxicated charge, he is not similarly situated to the class of ARD participants. *See Smith v. City of Philadelphia,* 512 Pa. 129, 136–139, 516 A.2d 306, 310–11 (1986).

■ Nor can we accept the somewhat related contention that the mandatory sentence punishes an individual's exercise of his right to trial. The crux of appellant's argument in this respect is that the greater likelihood of a favorable result encourages a defendant to accept ARD rather than risk conviction at trial. Whatever substance this claim might have,[1] it is far from clear that the mandatory sentence threatens the exercise of the right to trial. If the possibility of the imposition of sentence upon a finding of guilt inhibits a defendant from choosing to stand trial, we doubt that the inhibition is appreciably greater merely because the sentence is mandated by the legislature, rather than selected by the trial judge.

Appellant also contends that the evidence is insufficient to sustain the guilty verdict of driving while under suspension, 75 Pa.C.S.A. § 1543. Appellant's driver's license was suspended indefinitely in April, 1973 under 75 P.S. §§ 1413–14, which authorized suspension for failure to pay a judgment.[2] The license expired in 1974 and was never renewed. The arrest on these charges took place in December, 1986. Appellant argues that the Commonwealth must prove the existence of a valid driver's license to sustain a verdict for driving while under suspension. Without such proof, he contends, there is nothing to suspend. He submits that since there was no valid driver's license here, the evidence does not support the guilty verdict.

■ The driving while under suspension prohibition, 75 Pa.C.S.A. § 1543(a) authorizes conviction of "any person

---

**1.** *Cf. Commonwealth v. Bethea,* 474 Pa. 571, 379 A.2d 102 (1977) (constitution prohibits trial court from considering defendant's decision to stand trial as aggravating factor in imposing sentence).

**2.** The authorization for indefinite suspension of an operating privilege for failing to pay judgments is now codified at 75 Pa.C.S.A. §§ 1772–73.

who drives a motor vehicle ... when their operating privilege is suspended, revoked or recalled." The term "operating privilege" is defined as "[t]he privilege to apply for and obtain a license to use as well as the privilege to use a vehicle on a highway as authorized in this title," 75 Pa.C. S.A. § 102. Thus, suspension of one's "operating privilege" removes not only the privilege of driving, but also the privilege of seeking a license to drive, for the length of the suspension. On this record, then, the only facts which are relevant are that the privilege was lawfully suspended and that the period of suspension had not yet expired. The fact that appellant's license expired after the suspension is thoroughly insignificant, since he was statutorily incapable of renewing it until the term of suspension had expired, a term which appellant alone controls. *Commonwealth v. Parfitt*, 286 Pa.Super. 279, 428 A.2d 991 (1981), a case in which the term of suspension had indeed expired, is thus inapposite.

█ Appellant also contends that the original suspension is a nullity because the statute on which it is based is unconstitutional and has been repealed. However, statutes suspending licenses for failure to pay judgments have been upheld as reasonable exercises of the police power. *See Kestler v. Utah Department of Public Safety*, 369 U.S. 153, 82 S.Ct. 807, 7 L.Ed.2d 641 (1962); *Reitz v. Mealey*, 314 U.S. 33, 62 S.Ct. 24, 86 L.Ed. 21 (1941). *Cf. Bell v. Burson*, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971) (suspension of a driver's license for failure to pay money judgment vacated on procedural due process grounds). Moreover, the subsequent repeal or amendment of a statute extinguishes no rights or liabilities which accrued while the statute was in full force, *Albert Einstein Medical Center v. Pennsylvania Labor Relations Board*, 17 Pa.Cmwlth. 91, 96–97, 330 A.2d 264 (1975); *Rebel v. Standard Sanitary Manufacturing Co.*, 340 Pa. 313, 318–19, 16 A.2d 534 (1941). Assuming that the recodification of this statute constitutes a repeal, see n. 2 supra, it would have no effect on this suspension, which occurred while the statute was fully effective.

■  Finally, appellant submits that the evidence was insufficient to sustain the verdict because the Commonwealth failed to prove the legitimacy of the judgment which led to the original suspension.  Clearly, prior judgments are presumed to be valid and may not be collaterally attacked in a subsequent proceeding.  See *Chapman v. Board of Probation and Parole,* 86 Pa.Cmwlth. 49, 56, 484 A.2d 413 (1984); *Commonwealth Department of Transportation v. Granito,* 70 Pa.Cmwlth. 123, 452 A.2d 889 (1982); *Mangold v. Newman,* 371 Pa. 496, 500, 91 A.2d 904 (1952).

Judgment of sentence affirmed.