535 A.2d 700

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* John Bauserman, Appellee.

Submitted on briefs September 3, 1987, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Glenn R. Davis,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Counsel, *Spencer A. Manthorpe,* Chief Counsel, and *Morey M. Myers,* General Counsel, for appellant.

No appearance for appellee.

OPINION BY JUDGE CRAIG, January 6, 1988:

This is an appeal by the Department of Transportation from an order of the Court of Common Pleas of Cumberland County reinstating John Bauserman's motor vehicle operating privileges, which the department had suspended seven years earlier because of an unsatisfied judgment. The issue is whether the department abused its discretion in declining to accept a letter from an insurance company as proof of Bauserman's financial responsibility.

The department asserts that Bauserman's appeal was not timely filed and that the insurance company letter provided in 1985 as proof of 1978 insurance coverage was inadequate. Although we determine that the appeal was timely, we agree that evidence of financial responsibility was inadequate. Therefore, we reverse the decision.

A judgment of $843.54 was entered against Bauserman on July 18, 1978, in Franklin County, as a result of a motor vehicle accident earlier that year. When the judgment remained unsatisfied after 60 days, the department received a certified copy of the judgment and suspended Bauserman's operating privilege on November 2, 1978, pursuant to §1742(a) of the Vehicle Code, Act of June 17, 1976, P.L. 81, *formerly* 75 Pa. C. S. §1742(a), *repealed* by Act of February 12, 1984, P.L. 26, §3. Department records indicate that the judgment has never been satisfied.

Bauserman has relocated to Missouri. As a result of the outstanding order of the department, the State of Missouri issued an order suspending his operator's license in that state. Bauserman petitioned the court on October 30, 1985, for a hearing de novo to determine whether he was subject to suspension of his operator's license by the department. The court allowed the appeal and determined that Bauserman had demonstrated proof of insurance coverage at the time of the accident in the form of a letter from General Accident Insurance Company. The court accordingly ordered reinstatement of Bauserman's operating privilege.

Although Bauserman's petition was labeled as an appeal from the department's suspension order, it may more properly be characterized as an appeal from the department's refusal to treat the outstanding judgment as satisfied, in that the petition sought an opportunity to demonstrate financial responsibility for the purpose of considering the judgment to be satisfied in compliance with the statute.

That 1985 petition is governed by 75 Pa. C. S. §1772(c), effective October 1, 1984, which states:

Any person whose operating privilege has been suspended . . . under this chapter shall be relieved from the effect of the judgment as prescribed in this chapter if the person files evidence satisfactory to the department that financial responsibility was in force and effect at the time of the accident resulting in the judgment and is or should be available for the satisfaction of the judgment.

Further, §1773 states that, "a person's operating privilege shall remain suspended and shall not be renewed in the name of that person unless and until every judgment is stayed, satisfied in full or to the extent pro-

vided in this subchapter, and until the person furnishes proof of financial responsibility as required."

Thus, a person may at any time demonstrate proof of financial responsibility to the department. The appeal to the trial court was timely because we measure the 30-day appeal period, not from the date of the license suspension seven years earlier, but from the time of the department's refusal to treat the judgment as satisfied, which refusal was the immediate occasion of the appeal.

The nature of Bauserman's proffered proof of financial responsibility was a letter from the claims manager of General Accident Insurance Company, dated December 6, 1985. The letter states that Bauserman was insured by that company at the time of the 1978 accident. However, as noted by the department, the nature and extent of the insurance coverage in effect at that time is not detailed. The letter includes the manager's statement that, "I have no proof or any idea what the claim for $843.54 represents so I cannot comment on coverage." In view of that equivocal statement, the letter does not indicate that Bauserman's insurance coverage extended to this particular judgment. Therefore, the department did not abuse its discretion in declining to accept that letter as proof of Bauserman's financial responsibility at the time of the accident for purposes of reinstating his operating privilege.

The decision of the trial court is accordingly reversed.

ORDER

NOW, January 6, 1988, the order of the Court of Common Pleas of Cumberland County, No. 3135 Civil 1985, dated March 14, 1986, is reversed.

Judge PALLADINO concurs in the result only.