## PennDOT v. Benner

*Richelle Sanders Fisher, assistant counsel,* for the Commonwealth.
*Michael E. Brunnabend,* for defendant.

DIEFENDERFER, *J.,* September 18, 1991—The matter before the court is the petitioner's appeal of the Commonwealth of Pennsylvania Department of Transportation's suspension of his operating privileges.

At some point in 1974, an incident occurred in which the petitioner was implicated and which resulted in the death of Ronald L. Hengst. The defendant, a member of the Teamsters Union, with others, were on strike and were throwing rocks from an overpass on an interstate highway. As a result, a

truck driven by Ronald L. Hengst was hit and went off the road and crashed. Mr. Hengst was hit and died as a result of injuries he sustained in the accident. Although the petitioner, Nolan Dean Benner, was acquitted of any criminal charges resulting from the incident, Hannah M. Hengst, Ronald L. Hengst's administratrix obtained a default judgment in Berks County against Mr. Benner on January 18, 1979. From the docket entries, another default judgment was entered against Mr. Benner on November 16, 1981. Mr. Benner asserts that he did not receive notice of the proceedings against him. On September 14, 1982, a damages trial was held, and Mrs. Hengst was awarded a total of $25,500 against Stanley E. Landis, Earl O. Zellner and Earl E. Hoffman. Plaintiff filed a motion to amend the complaint on January 21, 1983, and on March 25, 1983, plaintiff filed a motion for a new trial. Both motions were granted, and on September 22, 1989, the court rendered a verdict in favor of the plaintiff against Stanley E. Landis, Earl O. Zellner, Earl E. Hoffman and petitioner, Nolan Dean Benner in the amount of $225,000. This judgment was entered on October 24, 1989.

Mr. Benner did not satisfy the judgment, and on January 31, 1990, the Commonwealth of Pennsylvania Department of Transportation suspended his driving privilege pursuant to the Motor Vehicle Code, 75 Pa.C.S. §1772. According to section 1772, when a person fails to satisfy a judgment arising from a motor vehicle accident within 60 days, his operating privilege shall be suspended when the Department of Transportation receives a certified copy of the judgment. The Commonwealth asserts that since Mr. Benner has failed to satisfy the default judgment resulting from the rock-throwing

incident, section 1772 mandates the suspension of his operating privileges.

However, this section applies only when a judgment arises from a *motor vehicle accident*. 75 Pa.C.S. §1771(a). (emphasis supplied) In the case at bar, the behavior complained of is rock-throwing. While this action caused the decedent's truck to go off the road and resulted in his death, the acts attributed to Mr. Benner are not of the type contemplated by 75 Pa.C.S. §1772. In cases which have interpreted these sections, the party suffering suspension of his operating privilege was the owner and/or operator of a vehicle involved in an accident. See *PennDOT, Bureau of Driver Licensing v. Bauserman*, 112 Pa. Commw. 320, 535 A.2d 700 (1988); *PennDOT, Bureau of Traffic Safety v. Granito*, 70 Pa. Commw. 123, 452 A.2d 889 (1982). In the case at bar, Mr. Benner was not either an owner or operator of an automobile which was involved in an accident. In fact, none of the defendants against whom judgment was rendered was an owner or operator of a vehicle involved in an accident. The actions alleged, rock-throwing, were intentional acts and were performed as pedestrians, not as motorists.

Therefore, since neither Mr. Benner nor any of his co-defendants was an owner or operator of a vehicle which was involved in an accident, sections 1771 and 1772 do not apply to this case. This court is unwilling to extend sections 1771 and 1772 beyond the scope contemplated by the legislators. The suspension authorized by the Department of Transportation is hereby rescinded.

### ORDER

Now, September 18, 1991, for the reasons stated in the attached opinion, the motor vehicle license

suspension imposed by the Pennsylvania Department of Transportation on the appellant is hereby rescinded.