## Stamatiou v. PennDOT

C.P. of Monroe County, no. 3455 Civil 1995.

*Anthony J. Martino,* for petitioner.
*Frank M. O'Neill,* for respondent.

O'BRIEN, *J.,* February 21, 1996—

## I. FINDINGS OF FACT

(1) As a result of a motor vehicle accident occurring on November 8, 1993, a judgment was entered in the Superior Court of the State of New Jersey in and for the County of Hudson in favor of Victor Nazario et ux. and against Alexandros Stamatiou, petitioner, and his wife in the amount of $7,708.36.

(2) On October 19, 1995, the petitioner was notified by the New Jersey Division of Motor Vehicles that his New Jersey driving and registration privileges were suspended because of his failure to satisfy the judgment resulting from the motor vehicle accident.

(3) On November 22, 1995, the Department of Transportation of the Commonwealth of Pennsylvania notified petitioner that his driving privileges in Pennsylvania were being suspended because of his failure to satisfy the judgment entered in the State of New Jersey.

## II. DISCUSSION

The Motor Vehicle Code provides in pertinent part that the Department of Transportation, upon receipt of a certified copy of a judgment, shall suspend the operating privilege of each person against whom the judgment was rendered. (75 Pa.C.S. §1772.) When the Department of Transportation received notification from the State of New Jersey that the petitioner had failed to satisfy a judgment in that state, the department implemented the foregoing statutory provision and notified petitioner that his driving privileges in Pennsylvania were suspended. The petitioner filed a timely appeal and in that appeal contends that an out of state judgment does not trigger suspension of driving privileges in Pennsylvania. However, our Commonwealth Court has held to the contrary and therefore, we must reject petitioner's appeal.

In *PennDOT v. Granito,* 70 Pa. Commw. 123, 452 A.2d 889 (1982), our Commonwealth Court upheld a license suspension predicated on a judgment entered against the driver in the State of Ohio. In that case, the court held that a judgment debtor cannot be permitted to attack a tort judgment collaterally in a license suspension proceeding. In regards to the judgment being from a sister state rather than the Commonwealth, Judge Doyle stated the following:

"Full faith and credit demands that we recognize the judgments of our sister states and give them at least the same effect and validity as they enjoy in the

rendering state. Due process will demand that our courts allow a judgment debtor to directly attack the validity of a foreign judgment on jurisdictional grounds in an action in our courts to execute on that judgment, but such is not the case here. Due process does not demand that we permit a collateral attack, when execution on the judgment is not sought." *Id.* at 127, 452 A.2d at 891.

## III. CONCLUSIONS OF LAW

(1) The certification by the New Jersey Division of Motor Vehicles that a judgment has been entered as the result of a motor vehicle accident against the petitioner contained within the certification under seal of the driving record of the petitioner triggers the provisions of 75 Pa.C.S. §1772.

## ORDER

And now, February 21, 1996, the appeal of Alexandros Stamatiou from the order of the Department of Transportation dated November 22, 1995 suspending his driving privileges from the Commonwealth of Pennsylvania is denied and the supersedeas heretofore entered is terminated.