J-A07014-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MODERN MUZZLE LOADING, INC. D/B/A KNIGHT RIFLES | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : | |
| v. | : | |
| | : | No. 1514 EDA 2018 |
| THOMAS F. GOWEN & SONS, INC. D/B/A/GOWEN & SONS | : | |

Appeal from the Order April 30, 2018
In the Court of Common Pleas of Delaware County Civil Division at
No(s):  No. 2017-009549

BEFORE:   OLSON, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED NOVEMBER 19, 2019**

Appellant, Modern Muzzle Loading, Inc. d/b/a Night Rifles (Modern Muzzle), appeals from an order entered on April 30, 2018 which struck a foreign default judgment entered in its favor and against Thomas F. Gowen & Sons, Inc. d/b/a Gowen & Sons (TFG).  We affirm.

The record reflects the following facts and procedural history.  In April 2016, Modern Muzzle filed an action against TFG in McMinn County, Tennessee.  Anthony M. Gowen, the president of TFG, was personally served with notice of that action by a process server in Pennsylvania on May 5, 2016. TFG thereafter did not enter a defense in the Tennessee action and Modern Muzzle obtained a default judgment in the amount of $7,447.35 on May 31, 2016.

_____

\* Former Justice specially assigned to the Superior Court.

Pursuant to 42 Pa.C.S.A. § 4306, the Uniform Enforcement of Foreign Judgments Act (the Act), Modern Muzzle transferred the Tennessee judgment to Pennsylvania by filing a copy of the judgment with the office of judicial support in the Court of Common Pleas of Delaware County on November 14, 2017. Modern Muzzle then filed a writ of execution against TFG and BB&T Bank, as garnishee, on November 20, 2017. TFG filed a "Petition to Open a Judgment of Default and Amend or Correct the Judgment and Stay Execution or Garnishment" (hereafter referred to as "petition") on January 9, 2018. TFG's petition asked the trial court to vacate the judgment and direct TFG to file an answer to the underlying Tennessee action. In support of these requests, TFG's petition averred that Modern Muzzle failed to comply with the Pennsylvania Rules of Civil Procedure in serving the original, underlying complaint and that Modern Muzzle lacked capacity to enforce a foreign judgment in Pennsylvania because it was not registered to conduct business within the Commonwealth.

Modern Muzzle filed a response and brief in opposition to TFG's petition, claiming that TFG had asked the court to open the Tennessee judgment and compel the parties to litigate the case on the merits in Pennsylvania, which the court lacked authority to do. In response, TFG filed a reply brief asserting that it was not subject to personal jurisdiction in Tennessee. TFG also filed a preacipe to amend that sought to convert its original petition into a petition to strike the Tennessee judgment. In addition, TFG sought to incorporate the arguments raised in its reply brief into its original petition.

The trial court convened oral argument on TFG's petition on April 23, 2018. Thereafter, on April 30, 2018, the trial court entered an order striking the Tennessee judgment. Modern Muzzle filed a notice of appeal on May 14, 2018 and a court-ordered concise statement of errors complained of on appeal on June 4, 2018. *See* Pa.R.A.P. 1925(b). The trial court filed its Rule 1925(a) opinion on July 17, 2018. Among other things, the court explained in its opinion that the Tennessee courts lacked jurisdiction over TFG since Modern Muzzle failed to effect proper service upon TFG. *See* Trial Court Opinion, 7/17/18, at 1 and 6. Because Tennessee lacked jurisdiction over TFG, Pennsylvania was not obligated to honor the underlying foreign judgment entered in this case. *See id*.

On June 19, 2018, shortly after the instant appeal was filed, this Court issued an order directing Modern Muzzle to show cause why its appeal was not subject to quashal. *See* Superior Court Order, 6/19/18, at 1. Citing Pa.R.A.P. 311(a)(1) and interpretive case law, our order noted that orders opening, vacating, or striking off judgments were not appealable as of right. *See id*. In its June 20, 2018 response, Modern Muzzle argued that the decisions cited in our show cause order were distinguishable from this case and that an order refusing to enforce a foreign judgment is appealable as of right. By order entered on July 16, 2018, we discharged our show cause order and referred issues concerning the finality and appealability of the trial court's April 30, 2018 to this panel for consideration. *See* Superior Court Order, 7/16/18, at 1. The issues are now ripe for review.

- 3 -

In its brief, Modern Muzzle raises the following issues for our consideration.

Is an order refusing to enforce a foreign judgment appealable as of right?

[Did the trial court commit an error of law or abuse its discretion in striking Modern Muzzle's Tennessee judgment based upon factual and/or legal grounds that were not included in TFG's original petition?]

[Did the trial court commit an error of law by striking Modern Muzzle's Tennessee judgment because Modern Muzzle failed to serve TFG pursuant to the Pennsylvania Rules of Civil Procedure?]

[Did the trial court commit an error of law or abuse its discretion in striking Modern Muzzle's Tennessee judgment due to improper service where TFG was personally served with a summons and affidavit of sworn account and Tennessee law provides that a party may commence a lawsuit through a sworn account?]

Modern Muzzle's Brief at 4 (issues reordered to facilitate discussion).

The first issue we address is whether the April 30, 2018 order from which Modern Muzzle appeals constitutes a final, appealable order. The appealability of an order implicates the jurisdiction of this Court and raises a question of law. *See Carmen Enterprises, Inc. v. Murpenter, LLC*, 185 A.3d 380, 388 (Pa. Super. 2018), *appeal denied*, 201 A.3d 725 (Pa. 2019). As such, our scope of review is plenary and our standard of review is *de novo*. *Id.*

"[I]t is incumbent [upon this Court] to determine, *sua sponte* when necessary, whether [an] appeal is taken from an appealable order." *Kulp v. Hrivnak*, 765 A.2d 796, 798 (Pa. Super. 2000) (citation omitted). Generally

- 4 -

speaking, this Court may assume jurisdiction over appeals taken from final orders. *See Angelichio v. Myers*, 110 A.3d 1046, 1048-1049 (Pa. Super. 2015). In relevant part, Rule 341 of the Pennsylvania Rules of Appellate Procedure defines a final order as follows:

**Rule 341. Final Orders; Generally**

(a) **General rule.** Except as prescribed in subdivisions (d) [related to appeals from the Superior Court and Commonwealth Court], and (e) [addressing criminal orders] of this rule, an appeal may be taken as of right from any final order of an administrative agency or lower court.

(b) **Definition of final order.** A final order is any order that:

(1) disposes of all claims and of all parties; or

(2) is expressly defined as a final order by statute; or

(3) is entered as a final order pursuant to subdivision (c) of this rule.

Pa.R.A.P. 341.

Notwithstanding Pa.R.A.P. 341, our appellate rules, in certain circumstances, permit appeals from interlocutory orders. As our Supreme Court explained:

in addition to an appeal from final orders of the Court[s] of Common Pleas, our rules provide the Superior Court with jurisdiction in the following situations: interlocutory appeals that may be taken as of right, Pa.R.A.P. 311; interlocutory appeals that may be taken by permission, Pa.R.A.P. [312]; appeals that may be taken from a collateral order, Pa.R.A.P. 313; and appeals that may be taken from certain distribution orders by the Orphans' Court Division, Pa.R.A.P. 342.

*Commonwealth v. Garcia*, 43 A.3d 470, 478 n.7 (Pa. 2012) (internal quotations omitted), *quoting* **McCutcheon v. Phila. Elec. Co.**, 788 A.2d 345, 349 n.6 (Pa. 2002).

Pennsylvania Rule of Appellate Procedure 311 holds particular relevance in the instant case.  It provides that an appeal may be taken as of right from an order **refusing** to open, vacate, or strike off a judgment; appeals from orders that open, vacate, or strike off judgments are not appealable.  **See** Pa.R.A.P. 311(a)(1).  Rule 311(a)(1) states:

**Rule 311. Interlocutory Appeals as of Right**

(a) **General rule.** An appeal may be taken as of right and without reference to Pa.R.A.P. 341(c) from:

(1)  **Affecting judgments.** An order refusing to open, vacate or strike off a judgment. If orders opening, vacating or striking off a judgment are sought in the alternative, no appeal may be filed until the court has disposed of each claim for relief.

Pa.R.A.P. 311(a)(1).

The parties dispute the appealability of the trial court's April 30, 2018 order.  To establish that the order was final and appealable, Modern Muzzle cites our prior decision in **Greate Bay Hotel & Casino, Inc. v. Saltzman**, 609 A.2d 817 (Pa. Super. 1992) (**Greate Bay**) and contends that the trial court effectively refused to enforce the Tennessee judgment.  **See** Modern Muzzle's Response to Show Cause Order, 6/20/18, at 4, *quoting* **Greate Bay**, 609 A.2d at 818.  More specifically, Modern Muzzle asserts that the court's

- 6 -

refusal to enforce the Tennessee judgment concluded all litigation pertaining to the matter in Pennsylvania since no Pennsylvania court had the power or authority to entertain the merits of the underlying Tennessee dispute. *See Greate Bay*, 609 A.2d at 818. As such, Modern Muzzle characterizes the trial court's order as final and appealable under Pa.R.A.P. 341. TFG maintains that the trial court's order did not terminate the litigation since additional litigation was needed to resolve issues surrounding the garnishment of funds in its bank account. *See* TFG's Brief at 9 and 12-18. Thus, according to TFG, the April 30, 2018 order – which struck off the Tennessee judgment - was interlocutory and unappealable.

*Great Bay* addressed the appealability of an order purporting to open a foreign default judgment in the context of circumstances quite similar to those currently before us. There, Greate Bay, a New Jersey corporation, commenced an action in New Jersey against Mark Saltzman, a Philadelphia resident, to recover unpaid gambling debts. When Saltzman failed to appear and defend against Greate Bay's claims, a default judgment was entered against him. Greate Bay eventually transferred the judgment to the Court of Common Pleas of Philadelphia County pursuant to the Act and obtained a writ of execution. Thereafter, the trial court granted Saltzman's petition to open the judgment. After Greate Bay appealed, the court issued an opinion stating that its order was not appealable.

In rejecting the trial court's conclusion, we said:

A final order is one which terminates the litigation or precludes further action in the trial court. ***In re Adoption of E.J.W.***, 515 A.2d 41, 43 (Pa. Super. 1986), *citing* ***Peterson v. Philadelphia Suburban Transportation Co.***, 255 A.2d 577 (Pa. 1969); ***Dash v. Wilap Corporation***, 495 A.2d 950 (Pa. Super. 1985). Whether an order is final "cannot necessarily be ascertained from the face of a decree alone, nor simply from the technical effect of the adjudication. The finality of an order is a judicial conclusion which can be reached only after an examination of its ramifications." ***Pugar v. Greco***, 394 A.2d 542, 545 (Pa. 1978); ***see also Gordon v. Gordon***, 439 A.2d 683 (Pa. Super. 1981), *affirmed*, 449 A.2d 1378 (Pa. 1982). Therefore, how the trial court may characterize an order is not controlling, as its finality is determined by its effect. ***In re Adoption of E.J.W.***, *supra*.

The trial court's order in the instant case is final. There is no further litigation available to the plaintiff-appellant in Pennsylvania. **When the trial court "opened" the judgment which had been transferred to Pennsylvania from New Jersey, the effect of its order was to refuse to enforce the New Jersey judgment. The Pennsylvania court lacked both the power and jurisdiction to open the New Jersey judgment and require that the merits of appellant's claim be litigated in Pennsylvania. Only a court of competent jurisdiction in New Jersey could open the default judgment which had been entered in New Jersey. When the judgment became final in New Jersey and was thereafter filed in Pennsylvania, the Pennsylvania court could either enforce the judgment or refuse to enforce the judgment. When the Philadelphia court refused to enforce the judgment, its order was appealable. Because the trial court's order was final, it was not the same as and did not have the effect of an order opening a Pennsylvania judgment. The latter is interlocutory and not appealable under Pa.R.A.P. 311(a)(1).**

***Greate Bay***, 609 A.2d at 818 (parallel citations omitted).

Although an order opening a domestic Pennsylvania judgment is interlocutory and not appealable, we conclude, pursuant to the rationale employed in ***Greate Bay***, that the trial court's order in this case was final.

Modern Muzzle's monetary claims against TFG were reduced to judgment in Tennessee and the judgment was transferred to Pennsylvania under the Act. When the trial court struck off the judgment, the effect was to refuse enforcement. As no Pennsylvania court possessed either the power or authority to compel the parties to litigate the merits of the underlying Tennessee action in Pennsylvania, the matter came to a conclusion when the court refused to enforce the judgment and no further litigation was available to Modern Muzzle in Pennsylvania.

We do not agree with TFG's position that issues surrounding the garnishment of funds held in its bank account preclude the exercise of appellate jurisdiction under Rule 341. **See** TFG's Brief at 16 (trial court's order was not final because it did not dispose of all claims and all parties) and 21 ("[Modern Muzzle's] appeal was interlocutory in nature because the issue of the garnished funds remained outstanding at the time that [Modern Muzzle] filed the within appeal."). TFG, in its brief, does not dispute that the amount of the Tennessee judgment is readily ascertainable from the document but, instead, merely attacks the validity of the judgment. Since no further litigation was required to determine the extent of TFG's obligations under the Tennessee judgment, the order striking off the judgment was final and appealable. **See Greate Bay**, 609 A.2d at 818.

We turn now to Modern Muzzle's challenges alleging that the trial court erred in striking off the Tennessee judgment against TFG. The following principles govern our review of such claims.

An appeal regarding a petition to strike a default judgment implicates the Pennsylvania Rules of Civil Procedure. ***Oswald v. WB Public Square Associates, LLC***, 80 A.3d 790, 793 (Pa. Super. 2013). Issues regarding the operation of procedural rules of court present us with questions of law. ***Id***. Therefore, "our standard of review is de novo and our scope of review is plenary." ***Id***.

"A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record." ***Midwest Financial Acceptance Corp. v. Lopez***, 78 A.3d 614, 622–623 (Pa. Super. 2013). "[A] petition to strike is not a chance to review the merits of the allegations of a complaint. Rather, a petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief." ***Oswald***, [80 A.3d at 794]. A fatal defect on the face of the record denies the prothonotary the authority to enter judgment. ***Erie Ins. Co. v. Bullard***, 839 A.2d 383, 388 (Pa. Super. 2003). When a prothonotary enters judgment without authority, that judgment is void *ab initio*. ***Id***. "When deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a [default] judgment, a court may only look at what was in the record when the judgment was entered." ***Cintas Corp. v. Lee's Cleaning Services, Inc.***, 700 A.2d 915, 917 (Pa. 1997).

A judgment is void on its face if one or more of three jurisdictional elements is found absent: jurisdiction of the parties; subject matter jurisdiction; or the power or authority to render the particular judgment. The term "jurisdiction" relates to the competency of the individual court, administrative body, or other tribunal to determine controversies of the general class to which a particular case belongs. Moreover, it is never too late to attack a judgment or decree for want of jurisdiction, as any such judgment or decree rendered by a court which lacks jurisdiction of the subject matter or the person is null and void, and can be

- 10 -

> attacked by the parties at any time. A petition to strike a judgment founded on a jurisdictional deficiency is therefore not subject to the same "timeliness" considerations as a petition to open the judgment.

***Flynn v. Casa Di Bertacchi Corp.***, 674 A.2d 1099, 1105 (Pa. Super. 1996).

***Green Acres Rehabilitation and Nursing Center v. Sullivan***, 113 A.3d 1261, 1267-1268 (Pa. Super. 2015) (parallel citations omitted) (***Green Acres***).

Lack of personal jurisdiction will not only support an order granting a motion to strike a judgment, it also serves as grounds to reject enforcement of a foreign judgment. This Court previously said that judgments entered in our sister states are

> entitled to full faith and credit in Pennsylvania so long as "there was jurisdiction by the court which originally awarded the judgment, ***see Stambaugh v. Stambaugh***, 329 A.2d 483 (Pa. 1974), and the defendant had an opportunity to appear and defend, ***see Morris Lapidus Associates v. Airportels, Inc.***, 361 A.2d 660 (Pa. Super. 1976)." ***Everson v. Everson***, 431 A.2d 889, 895-896 (Pa. 1981). The courts in Pennsylvania will refuse to give full faith and credit to a foreign judgment if it was obtained in derogation of a basic, due process right of the defendant. ***Hanson v. Denckla***, 357 U.S. 235, 255 (1958). However, when "the court of another state has purported to act on the merits of a case, its jurisdiction to do so and the regularity of its proceedings are presumptively valid." ***Barnes v. Buck***, 346 A.2d 778, 782 (Pa. 1975). The party challenging the validity of the judgment, therefore, bears the burden of showing any irregularity in the proceedings. ***Commonwealth, Department of Transportation v. Granito***, 452 A.2d 889, 891 (Pa. Cmwlth. 1982).

***Greate Bay***, 609 A.2d at 819 (parallel citations omitted), *quoting* ***Noetzel v. Glasgow, Inc.***, 487 A.2d 1372, 1375-1376 (Pa. Super. 1985).

Initially, Modern Muzzle challenges the order granting TFG's petition to strike by asserting that the trial court erred in considering factual issues and grounds for relief that were not raised in TFG's initial filing. Citing Pa.R.C.P. 206.1(b), Modern Muzzle argues that all grounds for relief asserted in support of a petition to strike and/or open a default judgment must be included in a single petition. *See* Modern Muzzle's Brief at 14, *quoting* Pa.R.C.P. 206.1(b) ("A petition shall specify the relief sought and state the material facts which constitute the grounds therefor. All grounds for relief, whether to strike or open a default judgment, shall be asserted in a single petition.") (emphasis omitted). Modern Muzzle maintains that the trial court impermissibly "based its decision to strike the [Tennessee j]udgment on the additional grounds raised in TFG's [r]eply [materials]." Modern Muzzle's Brief at 17.

We agree with the trial court that this claim is meritless. *See* Trial Court Opinion, 7/17/18, at 5. TFG's original petition alleged, among other things, that there was a conflict between the procedural rules of Pennsylvania and Tennessee as to who may serve original process, that Pennsylvania's rules should apply because it had the most significant relationship to the underlying dispute, and that, as a result, service of original process should have been accomplished by a sheriff and not a process server as occurred in this case. *See* Petition, 1/9/18, at 6. Because service of original process was improper, TFG asserted that the Tennessee judgment should be opened because the court had no jurisdiction over TFG and lacked power to enter the challenged

judgment. *See* Petition, 1/9/18, at 5 and 7. As we shall explain below, the trial court entered a sustainable ruling confined strictly to these grounds. Hence, Modern Muzzle is not entitled to relief on its claim that the trial court erred or abused its discretion in striking the Tennessee judgment based upon legal arguments and factual assertions that were not advanced by TFG in its opening petition.[1]

Modern Muzzle next argues that the trial court committed an error of law by striking the Tennessee judgment on grounds that Modern Muzzle failed to serve TFG pursuant to the Pennsylvania Rules of Civil Procedure. To recount, Modern Muzzle commenced this litigation by filing a collection action in Tennessee on April 19, 2016. Thereafter, Modern Muzzle retained a process

_____

[1] We also reject Modern Muzzle's passing claim that TFG's original petition should be read only as a petition to "open" since it was captioned as such and since it expressly asked the trial court to open the Tennessee judgment, which the court lacked authority to do. *See Greate Bay*, 609 A.2d at 818 (Pennsylvania court lacked power and authority to open judgment entered in New Jersey; only court of competent jurisdiction in New Jersey could do so). We acknowledge TFG's procedural misstep but, under the circumstances, shall view its initial filing as a petition to strike the judgment. We note, as indicated above, that TFG's opening submission asserted improper service and lack of jurisdiction, which constitute cognizable grounds for relief in the context of a petition to strike off a judgment transferred from another state. In addition, the trial court accepted TFG's oral request, at the April 23, 2018 hearing, to correct the title of its petition from a petition to open to a petition to strike. *See* Trial Court Opinion, 7/17/18, at 2. In view of these circumstances, we perceive no error in the trial court's decision to overlook TFG's failure to caption its initial filing as a petition to strike. *See Green Acres*, 113 A.3d at 1272 ("Under the doctrine of substantial compliance, the trial court may overlook any procedural defect that does not prejudice a party's rights.") (citation and internal quotation omitted).

server who served a summons and civil warrant on a TFG officer in Pennsylvania on May 5, 2016. Modern Muzzle claims on appeal that because it commenced and obtained a judgment in the underlying action in Tennessee, it could rely upon Tennessee's procedural rules to effectuate service of original process in Pennsylvania. TFG objected, claiming in its petition that Pennsylvania and Tennessee procedural rules were in conflict, that Pennsylvania had a more significant relationship to the dispute, and that a sheriff needed to serve original process in accordance with Pennsylvania procedural law. Without valid original service, TFG maintained that the Tennessee court lacked jurisdiction to enter the judgment. The trial court agreed with TFG and struck Modern Muzzle's Tennessee judgment.

We begin our analysis by reviewing the relevant procedural rules in both states. Pursuant to Rule 4.01 of the Tennessee Rules of Court, "[a] summons and complaint may be served by any person who is not a party and is not less than 18 years of age," so long as the individual is identified by name and address on the return of service. Tn.R.C.P. 4.01(2). When service is to be made on a foreign corporation doing business in Tennessee, Rule 4.04(4) allows service through the delivery of a copy of the summons and of the complaint to an officer or managing agent of the corporation. Tn.R.C.P. 4.04(4). Lastly, in relevant part, Tennessee permits service upon defendants outside the state "by any form of service authorized for service within this state pursuant to Rule 4.04," Tn.R.C.P. 4.05(1)(a), or "in any manner

prescribed by the law of the state in which service is effected for an action in any of the courts of general jurisdiction in that state." Tn.R.C.P. 4.05(1)(b). In Pennsylvania, with limited exceptions not applicable here, "original process shall be served within the Commonwealth **only by the sheriff**." Pa.R.C.P. 400(a) (emphasis added). A conflict emerges from a comparison of the procedural rules of Tennessee and Pennsylvania since Tennessee allows service of process outside the state by any individual over 18 who is not a party to the action while Pennsylvania only permits a sheriff to effect service within the Commonwealth.

The parties have not cited, and we have been unable to locate, an analogous case considering the validity of a foreign judgment where the judgment holder made original service in a manner that complied with a procedural rule of the rendering state but which stood in conflict with a corresponding rule of Pennsylvania procedure. In the absence of guiding precedent that addressed such a conflict, the trial court looked to Pennsylvania's choice of law principles. *See* Trial Court Opinion, 7/17/18, at 6. Under Pennsylvania law, a choice of law issue is determined by ascertaining which state possesses the greater interest in the application of its law to the pending dispute. *See*, *e.g.*, *McDonald v. Whitewater Challengers, Inc.*, 116 A.3d 99, 109 (Pa. Super. 2015), *appeal denied*, 130 A.3d 1291 (Pa. 2015). This inquiry turns on the nature and quality each state has with the particular issue before the court. *See id.* Because the contract between

Modern Muzzle and TFG was performed in Pennsylvania, the trial court concluded that Pennsylvania's procedural rules should govern the service of original process in Pennsylvania. *See* Trial Court Opinion, 7/17/18, at 6. Hence, it found that service of process was invalid.

The trial court did not err in concluding that Pennsylvania's procedural rules should govern the service of process issue in this matter. The United States Supreme Court has explained that, "[t]he Full Faith and Credit Clause [of the United States Constitution] does not compel a state to substitute the statutes of other states for its own statutes dealing with a subject matter concerning which it is competent to legislate." *Sun Oil Co. v. Wortman*, 486 U.S. 717, 722 (1988). Moreover, since a state is competent to enact provisions relating to judicial procedures, it may apply its own procedural rules to cases litigated in its courts. *See id*. Pennsylvania follows these principles. "Whenever Pennsylvania is the chosen forum state for a civil action, our state's procedural rules[,] *i.e.* the Pennsylvania Rules of Civil Procedure[,] govern, no matter what substantive law our courts must apply in resolving the underlying legal issues." *Ferraro v. McCarthy–Pascuzzo*, 777 A.2d 1128, 1137 (Pa. Super. 2001) (citation modified).

In this case, however, Tennessee was the chosen forum, not Pennsylvania. Relying on this fact, Modern Muzzle argues that it was entitled to make service pursuant to Tennessee's procedural rules. *See* Modern Muzzle's Brief at 21. Modern Muzzle's contention is undermined, somewhat,

by the plain terms of Rule 4.05(1) of the Tennessee Rules of Court. That provision permits service upon out-of-state defendants by any method permitted within Tennessee **or** by any manner prescribed by the law of the state in which service is to be effected. ***See supra***. Since Tennessee permits out-of-state service by means of domestically approved service **or** by means adopted by her sister states, Tennessee has, at best, a diminished interest in the method used to achieve service on foreign defendants. For this reason, the trial court did not err in holding that Pennsylvania's procedural rules applied and that service was defective in this case. ***See McDonald***, 116 A.3d at 107 (explaining that if only one jurisdiction's governmental interests would be impaired by the application of the other jurisdiction's law, a court must apply the law of the state whose interests would be harmed if its law were not applied).

Finally, Modern Muzzle argues that the trial court erred or abused its discretion in striking Modern Muzzle's Tennessee judgment due to improper service since a TFG officer was personally served with a summons and affidavit of sworn account and Tennessee law provides that a party may commence a lawsuit through such a form of service. Because we have concluded that service was invalid owing to Modern Muzzle's use of a process server and not a sheriff, we need not consider Modern Muzzle's final claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/19/19