515 A.2d 41

**In re ADOPTION OF E.J.W., a minor.**

**Appeal of M.W., natural mother.**

Superior Court of Pennsylvania.

Argued March 24, 1986.
Filed Sept. 11, 1986.

Eileen D. Yacknin, Pittsburgh, for appellant.

Before ROWLEY, WIEAND and DEL SOLE, JJ.

## OPINION OF THE COURT

ROWLEY, Judge:

This is an appeal from an order of the trial court, sitting en banc, that dismissed the natural mother's (appellant) exceptions to a prior order which, (1) denied her petition to strike a *Report of Intention to Adopt* filed by the child's foster parents (appellees) and (2) denied her motion for summary judgment. Because the orders appealed from are interlocutory, we quash the appeal.

An understanding of the complex procedural history of this case is necessary to a proper understanding of our decision. On November 14, 1983, appellees, who have been providing foster care for the minor child, E.J.W., filed a *Report of Intention to Adopt* pursuant to the Adoption

Act.[1] Appellant, the child's natural mother, petitioned the trial court to issue a citation to show cause why the report should not be stricken. The citation was issued and appellees filed an answer thereto. Following oral argument, the court dismissed the citation and denied appellant's motion for summary judgment by order dated *February 14, 1985.* By the same order, *the court stayed all further proceedings in the Orphans' Court* relating to the Report pending a final custody determination concerning the minor in the Family Division of the Court.

On March 14, 1985, appellant, recognizing that the *February 14, 1985 order* was interlocutory, filed a motion to amend the order dismissing the citation to include a statement from the trial court, pursuant to 42 Pa.C.S. § 702(b), certifying that the order involved a controlling question of law and that an immediate appeal might materially advance the ultimate termination of the matters raised by the dispute. The trial court denied this motion on *March 14, 1985,* but *sua sponte* granted appellant leave to file exceptions *nunc pro tunc* to the order of *February 14, 1985.*

On March 21, 1985, appellant filed exceptions to the *February 14, 1985 order.* On March 25, 1985, appellees filed exceptions to the *March 14, 1985 order* claiming that it was error for the court to grant leave to file exceptions *nunc pro tunc* to the *February 14, 1985 order* when no such relief had been requested. By order dated *May 15, 1985,* the trial court sitting *en banc* sustained the exceptions of appellees to the *March 14, 1985 order* and struck appellant's exceptions to the *February 14, 1985 order.* By the same order (May 15, 1985), the court directed appellant to file, within 10 days, a petition for leave to file exceptions *nunc pro tunc* to the *February 14, 1985 order.*

On May 28, 1985, appellant filed a petition for leave to file exceptions *nunc pro tunc* to the *February 14, 1985 order.* Finally, on *September 17, 1985,* the trial court entered the order from which this appeal is taken. In its order of September 17, 1985, the trial court (1) granted appellant's

1. 23 Pa.C.S. § 2101 *et seq.*

petition for leave to file exceptions *nunc pro tunc* to its previous order of February 14, 1985; (2) affirmed its previous order of May 15, 1985; (3) dismissed appellant's exception to its previous order of February 14, 1985 [which exceptions had earlier been stricken by its order of May 15, 1985]; (4) stated that its order was a "final order", and (5) certified the order for an interlocutory appeal pursuant to 42 Pa.C.S. § 702(b).

The most the appellant could have hoped to achieve by the September 17, 1985 order was an affirmance of the February 14, 1985 order dismissing her citation and denying summary judgment. Even though the court had previously stricken the only exceptions ever filed by appellant and even though the court has never affirmed its February 14, 1985 order, we will treat the September 17, 1985 order as dismissing properly filed exceptions on the merits and as expressly affirming the February 14, 1985 order.

Appellant has appealed directly from the September 17, 1985 order and in the appeal substantively challenges the February 14, 1985 order. She argues that the trial court should not have dismissed her citation nor denied her motion for summary judgment. In support of her position, appellant contends that the foster parents who filed the Report of Intention to Adopt in this case have no standing to do so. The Adoption Act, 23 Pa.C.S. § 2531(a), provides that a Report of Intention to Adopt must be filed by any person receiving or retaining custody of a child *for the purpose or with the intention of adopting a child.* The argument continues that because the foster parents do not have legal custody and received physical custody of the child from Children and Youth Services of Allegheny County, whose legal custody of the child remains temporary until a further order from the Family Division of the court is decreed, the foster parents cannot have received the child for the purpose or with the intent of adopting the child. Therefore, she contends, they lack standing to file the Report of Intention to Adopt.

Appellant also argues that appellees lack standing to file the Report of Intention to Adopt because the report was not filed timely. Section 2532 of the Adoption Act requires that the report be filed within 30 days after receipt of the custody or physical care of the child. In this case, appellees have had physical care of the child since 1978, yet did not file the report until 1983.

Finally, appellant argues that because the Adoption Act does not require that notice of the filing of a Report of Intention to Adopt be given to the natural parents, the Act denies them due process under the United States and Pennsylvania Constitutions. Appellant argues that the notice of intent to adopt triggers an investigation into the background of the child and the natural parents. 23 Pa.C.S. § 2535. Where an intermediary agency such as Children and Youth Services is involved, a report of the intermediary must be filed within six months of the filing of the notice of intention to adopt. Appellant also contends that once the notice of intent to adopt is filed, the caretaker adult can petition for the involuntary termination of the parent's rights. The filing of a notice of intent to adopt, therefore, interferes with the natural parents familial relationship with the child, and thus the parent must receive notice of the report.

We do not reach these issues raised by appellant, however, because the February 14, 1985 order from which appellant has substantively appealed is clearly interlocutory. Although the trial court characterized the February 14, 1985 order as final, the trial court's assertion cannot transform an interlocutory order into a final order because the finality of an order is determined by its effect.

An order is considered to be final if it terminates the litigation or precludes further action in the trial court. *Dash v. Wilap Corporation,* 343 Pa.Super. 584, 495 A.2d 950 (1985); *Peterson v. Philadelphia Suburban Transportation Co.,* 435 Pa. 232, 255 A.2d 577 (1969). It is also final and appealable if: 1) it is separable and collateral to the

main cause of action; 2) the right involved is too important to be denied review; and 3) the right is of such a nature that if review is postponed until a final judgment the right will be irreparably lost. *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); *In re Estate of Georgiana*, 312 Pa.Super. 339, 458 A.2d 989 (1983).

■ The effect of an order dismissing a citation to show cause why a Report of Intention to Adopt should be stricken and staying all proceedings in the Orphans' Court until a final custody determination in the Family Division is made is not final. It puts no one out of court; it does not terminate the litigation; and it establishes the rights or responsibilities of no one. It is only the initial step in the adoption procedure which, on the facts of this case, can terminate unfavorably to appellant only if Children and Youth Services files, in a separate action, a petition to involuntarily terminate appellant's parental rights, 23 Pa. C.S. § 2511; *In re Adoption of Crystal D.R.*, 331 Pa.Super. 501, 480 A.2d 1146 (1984), and only if appellant's parental rights are subsequently terminated.

Moreover, the only effect the filing of the Report of Intention to Adopt can possibly have on appellant is for Children and Youth Services to conduct an investigation into appellant's and her child's background as part of their required report of an intermediary. 23 Pa.C.S. § 2533.[2] As

**2.** The information which the investigation must produce is as follows:

(1) The name and address of the intermediary.

(2) The name, sex, racial background, age, date and place of birth and religious affiliation of the child.

(3) The date of the placement of the child with the adopting parent or parents.

(4) The name, racial background, age, marital status as of the time of birth of the child and during one year prior thereto, and religious affiliation of the parents of the child.

(5) Identification of proceedings in which any decree of termination of parental rights, or parental rights and duties, with respect to the child was entered.

(6) The residence of the parents or parent of the child, if there has been no such decree of termination.

Children and Youth Services has had custody of the child and has been working with appellant for numerous years to enable her to regain custody of the child, Children and Youth Services undoubtedly already has as much information concerning appellant and the child, or at least the authority to obtain as much information, as an adoption investigation would produce.

Because a foster parent's filing of a Notice of Intent to Adopt has virtually no effect on the natural parent who, if she does not consent to the adoption, must have her parental rights terminated prior to the adoption in a separate proceeding with its own procedural and substantive protection of rights, we conclude that the right involved in this case is neither so important that review cannot be denied nor so immediate that the right will be lost if review is postponed. Furthermore, appellant herself considered the February 14, 1985 order as interlocutory by requesting the trial court to modify the February order to include a certification statement so that she could petition the Superior Court for permission to take an interlocutory appeal. And the trial court, too, included in the September 17, 1985 order a statement certifying the order for an interlocutory appeal. Therefore, the February 14, 1985 order dismissing appellant's citation as well as the September 17, 1985 order,

(7) A statement that all consents required by section 2711 (relating to consents necessary to adoption) are attached as exhibits or the basis upon which the consents are not required.

(8) An itemized accounting of moneys and consideration paid to or received by the intermediary or to or by any other person or persons to the knowledge of the intermediary by reason of the adoption placement.

(9) A full description and statement of the value of all property owned or possessed by the child.

(10) A statement that no provision of any statute regulating the interstate placement of children has been violated with respect to the placement of the child.

(11) If no birth certificate or certificate of registration of birth can be obtained, a statement of the reason therefor.

(12) A statement that medical history information was obtained and if not obtained, a statement of the reason therefor.

23 Pa.C.S. § 2533.

which we interpret as an affirmation of the February 14, 1985 order, are interlocutory orders.

Following the March 14, 1985 order refusing to modify the February 14, 1985 order to include an interlocutory certification statement, appellant did not petition the Superior Court for review of the trial court's order in accordance with Chapter 15 of the Rules of Appellate Procedure. [See also, *Butler Education Association v. Butler Area School District*, 34 Pa.Cmwlth. 143, 146–47, 382 A.2d 1283, 1284–85 (1978) ]. Instead, appellant followed the instructions of the trial court and filed exceptions to the order which exceptions were subsequently stricken and then dismissed. Neither has appellant petitioned this Court for permission to appeal the interlocutory order of September 17, 1985 pursuant to Pa.R.A.P. 1311. Rather, she has attempted to take a direct appeal from the order which clearly is not final. Therefore, we must quash the appeal.