609 A.2d 817

**GREATE BAY HOTEL & CASINO, INC., Appellant**

v.

**Mark SALTZMAN, Appellee.**

Superior Court of Pennsylvania.

Argued March 10, 1992.

Filed June 8, 1992.

---

1. I note that there was no evidence of hazardous weather conditions before the *Vishneski* Court.

Drew Salaman, Philadelphia, for appellant.

Michael S. Saltzman, Philadelphia, for appellee.

Before WIEAND, TAMILIA and CERCONE, JJ.

WIEAND, Judge:

The issue in this appeal is whether a Pennsylvania court can refuse to enforce a judgment obtained in New Jersey and transferred to Pennsylvania pursuant to the Uniform Act for Enforcement of Judgments, 42 Pa.C.S. § 4306, because the nature of the debt for which the judgment was recovered violates Pennsylvania's public policy or because the proceedings in New Jersey failed to conform in all respects with the safeguards provided by procedural law in Pennsylvania. The trial court refused to enforce the New Jersey judgment and entered an order opening the judgment. We reverse. The New Jersey judgment was entitled to full faith and credit.

Greate Bay, a New Jersey corporation with principal place of business in Atlantic City, New Jersey, commenced an action in New Jersey against Mark Saltzman, a resident of Philadelphia, to recover unpaid gambling debts. When Saltzman did not appear and defend the action, a default judgment was entered against him in the amount of $5,176.90. This judgment was then filed in the Office of the Prothonotary in Philadelphia pursuant to 42 Pa.C.S. § 4306, and execution was issued thereon. Saltzman then filed in Philadelphia, Pennsylvania, a petition to open the judgment. In support thereof, he alleged that (1) he had not received notice of the default judgment and (2) the judgment was unenforceable because gambling debts were violative of public policy and not recoverable in Pennsylvania under 73 Pa.C.S. § 2031. The trial judge, without benefit of deposi-

tions or an evidentiary hearing and without giving any reason therefor, granted Saltzman's petition and opened the judgment. When Greate Bay appealed, the trial court prepared a memorandum opinion saying only that in the trial judge's opinion, its order was not appealable.

A final order is one which terminates the litigation or precludes further action in the trial court. *In re Adoption of E.J.W.*, 356 Pa.Super. 570, 574, 515 A.2d 41, 43 (1986), citing *Peterson v. Philadelphia Suburban Transportation Co.*, 435 Pa. 232, 255 A.2d 577 (1969); *Dash v. Wilap Corporation*, 343 Pa.Super. 584, 495 A.2d 950 (1985). Whether an order is final "cannot necessarily be ascertained from the face of a decree alone, nor simply from the technical effect of the adjudication. The finality of an order is a judicial conclusion which can be reached only after an examination of its ramifications." *Pugar v. Greco*, 483 Pa. 68, 73, 394 A.2d 542, 545 (1978). See also: *Gordon v. Gordon*, 293 Pa.Super. 491, 439 A.2d 683 (1981), *affirmed*, 498 Pa. 570, 449 A.2d 1378 (1982). Therefore, how the trial court may characterize an order is not controlling, as its finality is determined by its effect. *In re Adoption of E.J.W., supra.*

The trial court's order in the instant case is final. There is no further litigation available to the plaintiff-appellant in Pennsylvania. When the trial court "opened" the judgment which had been transferred to Pennsylvania from New Jersey, the effect of its order was to refuse to enforce the New Jersey judgment. The Pennsylvania court lacked both the power and jurisdiction to open the New Jersey judgment and require that the merits of appellant's claim be litigated in Pennsylvania. Only a court of competent jurisdiction in New Jersey could open the default judgment which had been entered in New Jersey. When the judgment became final in New Jersey and was thereafter filed in Pennsylvania, the Pennsylvania court could either enforce the judgment or refuse to enforce the judgment. When the Philadelphia court refused to enforce the judgment, its order was appealable. Because the trial

court's order was final, it was not the same as and did not have the effect of an order opening a Pennsylvania judgment. The latter is interlocutory and not appealable under Pa.R.A.P. 311(a)(1).

The effect of the full faith and credit clause of the Constitution of the United States in foreign judgments was examined in *Noetzel v. Glasgow, Inc.*, 338 Pa.Super. 458, 487 A.2d 1372 (1985). There, the Court said that judgments entered in sister states are

> entitled to full faith and credit in Pennsylvania so long as "there was jurisdiction by the court which originally awarded the judgment, *see Stambaugh v. Stambaugh*, 458 Pa. 147, 329 A.2d 483 (1974), and the defendant had an opportunity to appear and defend, *see Morris Lapidus Associates v. Airportels, Inc.*, 240 Pa.Super. 80, 361 A.2d 660 (1976)." *Everson v. Everson*, 494 Pa. 348, 361, 431 A.2d 889, 895–896 (1981). The courts in Pennsylvania will refuse to give full faith and credit to a foreign judgment if it was obtained in derogation of a basic, due process right of the defendant. *Hanson v. Denckla*, 357 U.S. 235, 255, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283, 1298 (1958). However, when "the court of another state has purported to act on the merits of a case, its jurisdiction to do so and the regularity of its proceedings are presumptively valid." *Barnes v. Buck*, 464 Pa. 357, 364, 346 A.2d 778, 782 (1975). The party challenging the validity of the judgment, therefore, bears the burden of showing any irregularity in the proceedings. *Commonwealth, Department of Transportation v. Granito*, 70 Pa.Cmwlth. 123, 127, 452 A.2d 889, 891 (1982).

*Id.* 338 Pa.Super. at 465–466, 487 A.2d at 1375–1376.

In the instant case, the defendant-appellee has not contended that the New Jersey court lacked either subject matter jurisdiction or jurisdiction of his person. Similarly, he has not contended that he failed to receive notice of the action against him in that state. He asserts only that he did not receive notice of the judgment. Whether he is referring to notice before the entry of the default judgment

or after the judgment had been entered is not clear. In either event, the result is clear. The New Jersey proceedings are not governed by Pennsylvania's procedural rules. Pa.R.C.P. 237.1, upon which appellee appears to rely and which requires notice before the entry of a default judgment, does not have an extra-territorial effect. It does not have effect on New Jersey actions and cannot be used to measure the validity of judgments obtained in New Jersey. Those judgments are presumptively valid. So long as New Jersey procedure complies with fundamental concepts of due process, its judgments are entitled to full faith and credit.

Appellant has not identified any fundamental unfairness in the New Jersey rules of procedure which resulted in a final judgment against him. New Jersey Civil Practice Rules 4:4–2 and 4:4–3 require service of initial process, together with notice which contains "the time within which these rules require the defendant to serve an answer upon the plaintiff or plaintiff's attorney, and [it] shall notify the defendant that if he or she fails to answer, judgment by default may be rendered for the relief demanded in the complaint." Moreover, New Jersey Court Rule 4:43–3 provides that "[f]or good cause shown, the court may set aside an entry of default." If the defendant-appellant believed that he had a defense to the claim made against him by the plaintiff-appellant, his remedy was to assert it in New Jersey where the pending action resulted in a judgment against him. When he failed to contest it in New Jersey, the judgment became final and was entitled to full faith and credit in Pennsylvania. The fact that the judgment was not challenged in New Jersey does not make it any less valid.

In *Barnes v. Buck*, 464 Pa. 357, 346 A.2d 778 (1975), a divorce decree had been entered by a court in Ohio. The wife attempted to set aside the decree in Ohio. The Ohio court rejected her request, and the Pennsylvania Supreme Court afforded the decree full faith and credit. Writing for the Court, Justice Pomeroy observed:

414

Even had the divorce decree not been challenged and upheld by the courts of Ohio, a collateral attack upon it by a plaintiff in the courts of this Commonwealth would not normally be entertained. Although the full faith and credit clause does not require a sister State to give a greater, more conclusive or more final effect to a foreign judgment or decree than would be given it by the courts of the rendering State, see the Act of June 25, 1948, note 4 *supra*, 28 U.S.C. § 1738; and Restatement (Second) of Conflict of Laws § 115 and Comment b thereto (1971), principles of interstate comity would indicate abstention by Pennsylvania courts in favor of the courts of the rendering State, in light of their special competence to pass upon the validity of the public acts, records and judicial proceedings of that State. Thus *a party seeking relief in our courts on the basis of asserted invalidity (other than jurisdictional) of the judicial proceedings of another State should normally be relegated to the courts of that State for the establishment of the invalidity.*

*Id.,* 464 Pa. at 365–366 n. 12, 346 A.2d at 783 n. 12 (emphasis added).

"A state is required to give full faith and credit to a money judgment rendered in a civil suit by a sister state even where the judgment violates the policy or law of the forum where enforcement is sought." *Everson v. Everson,* 494 Pa. 348, 361, 431 A.2d 889, 896 (1981). See also: *Medina & Medina, Inc. v. Gurrentz International Corp.,* 304 Pa.Super. 76, 450 A.2d 108 (1982) (judgment rendered in Puerto Rico and properly authenticated by supporting docket entries, entitled to full faith and credit in Pennsylvania). If the judgment was valid and enforceable in the rendering state, "[it] is equally so in all other states." *Everson v. Everson, supra,* 494 Pa. at 362, 431 A.2d at 896. Thus, a transferred judgment "cannot be stricken or opened simply because the party seeking to open or strike can demonstrate that he/she would have a valid defense to the action if brought in Pennsylvania." *Tandy Computer Leasing v.*

*DeMarco,* 388 Pa.Super. 128, 133, 564 A.2d 1299, 1302 (1989).

It follows that the trial court in Pennsylvania could not refuse to enforce the judgment obtained against appellee in New Jersey merely because, by statute in Pennsylvania, gambling contracts will not be enforced here.[1] See: *M & R Investments Co., Inc. v. Hacker,* 511 So.2d 1099 (Fla.Dist. Ct.App.1987) (Florida courts bound by full faith and credit clause to recognize Nevada judgment based on gambling debt and could not refuse to enforce the judgment on grounds that it was contrary to public policy of Florida); *Hilton International Co. v. Arace,* 35 Conn.Supp. 522, 394 A.2d 739 (1977) (Connecticut courts bound by full faith and credit clause to recognize Puerto Rican judgment based on gambling debt notwithstanding own strong public policy against gambling); Restatement (Second) Conflict of Laws § 117. As was stated by Mr. Justice Stone in *Milwaukee County v. M.E. White Co.,* 296 U.S. 268, 56 S.Ct. 229, 80 L.Ed. 220 (1935):

> The very purpose of the full faith and credit clause was to alter the status of the several states as independent foreign sovereignties, each free to ignore obligations created under the laws or by the judicial proceedings of the others, and to make them integral parts of a single nation throughout which a remedy upon a just obligation might be demanded as of right, irrespective of the state of its origin.

*Id.* at 276–277, 56 S.Ct. at 234, 80 L.Ed. at 228.

For these reasons, we hold that the trial court erred when, by "opening" the judgment which had been obtained in New Jersey, it refused to enforce it. The defendant-appellee failed to allege any valid basis on which a court in Pennsylvania could refuse to enforce the New Jersey judgment; and, therefore, the New Jersey judgment was entitled to full faith and credit in Pennsylvania.

Order reversed.

1. Act of April 22, 1794, 3 Sm.L. § 8, 73 P.S. § 2031.