## Desert Palace Inc. v. Weiss

*Nicholas D. Krawec,* for plaintiff.
*Glenn S. Sinko,* for defendant.

ROSS, *J.,* July 21, 1992—Jeffrey S. Weiss, defendant, petitions the court to strike a foreign default judgment obtained January 27, 1992, by Desert Palace Inc. d/b/a Caesar's Palace, plaintiff, in Clark County, Nevada. The judgment was certified under triple seal by proper Nevada authorities and on May 19, 1992, was filed in Allegheny County, Pennsylvania. A concurrent verification was filed stating the judgment was valid and enforceable. The judgment resulted from failure to pay a Nevada gambling debt owed by defendant to plaintiff.

On May 27, 1992, defendant received a copy of a writ of execution and a notice from the garnishee, Mellon Bank, that two of his bank accounts had been frozen. He claims this was his first notification. The prothonotary mailed notice of the judgment to defendant on May 28, 1992. The court, after petition, granted a stay of execution on June 1, 1992. It later entertained this petition to strike the judgment in the amount of $7,039.36 which includes the gambling debt of $3,000 incurred July 1991, plus

interest of $137.36, costs of $152, attorney's fee of $750 and penalty of $3,000.

The sole basis adduced by defendant for striking this foreign judgment is the ancient Act of April 22, 1794, 3 Sm.L. 177, §8, 73 P.S. §2031, which renders all gaming contracts unenforceable in Pennsylvania. Defendant asserts that the statutory public policy of Pennsylvania prohibits enforcement of the foreign judgment based upon a gambling debt. Such a prohibition, however, cannot prevail here.

Under article IV, section 1, of the Constitution of the United States, the states of the United States are required to give full faith and credit to the public acts, records and judicial proceedings of every other state. The Uniform Enforcement of Foreign Judgments Act, Judicial Code of July 9, 1976, P.L. 586, §2, 42 Pa.C.S. §4306, was enacted to implement the full faith and credit clause and to facilitate enforcement of judgments in any jurisdiction where the judgment debtor is found.

A state is required to give full faith and credit to a money judgment rendered in a civil suit by another state although the judgment violates the public policy of the forum in which enforcement is sought: *Everson v. Everson,* 494 Pa. 348, 361, 431 A.2d 889, 896 (1981); *Greate Bay Hotel & Casino Inc. v. Saltzman,* 415 Pa. Super. 408, 414, 609 A.2d 817, 820 (1992). "The validity and effect of a judgment for payment of money is determined by the law of the state where the judgment was rendered and, if valid and enforceable there, is equally so in all other states": *Everson v. Everson, supra,* at 361, 431 A.2d at 896. Nothing has been presented to the court

which would constrain it to find that Nevada has a public policy against enforcing debts incurred in favor of licensed gambling establishments. Nor has the judgment been attacked for any procedural or jurisdictional irregularity but solely on the basis of a Pennsylvania statutory prohibition.

The purpose of the full faith and credit clause is to alter the status of the several states as independent sovereignties and to make them an integral part of a single nation granting a remedy upon a just obligation as a matter of right regardless of the state of origin of the obligation: *Milwaukee County v. M.E. White Co.,* 296 U.S. 268, 276-277 (1935).

The motion to strike the judgment is denied.