**TRONAGUN CORPORATION, a West Virginia corporation, Plaintiff,**

v.

**John MIZEROCK and A. John Palumbo, individually and t/d/b/a Punxsy Power Co., Defendants.**

Misc. No. 17887.

Civ. No. 78–520.

United States District Court,
W.D. Pennsylvania.

May 5, 1993.

---

J. Cecil Jarvis, Harold M. Sklar, Clarksburg, WV, for plaintiff.

Joseph A. Vater, Jr., Meyer, Unkovic & Scott, Pittsburgh, PA, J. Kipp Lukehart, Punxsutawney, PA, for defendants.

## *MEMORANDUM OPINION AND ORDER*

D. BROOKS SMITH, District Judge.

In 1978, plaintiff Tronagun Corporation obtained a default judgment in this court against defendants in the amount of $110,-386.17. Pursuant to the Uniform Enforcement of Foreign Judgments Act, 42 Pa. C.S.A. § 4306 (the Act), plaintiff transferred the judgment to the Prothonotary's Office of Indiana County. On July 31, 1991, the Court of Common Pleas of Indiana County issued an Opinion and Order opening the judgment and staying execution. Tronagun then obtained a Writ of Execution from this Court, and a Notice of Marshal's Sale of Real Estate was subsequently served upon defendant informing him that on May 6, 1993, real estate belonging to him would be sold to satisfy plaintiff's judgment. By letter dated April 5, 1993, J. Kipp Lukehart, counsel for defendant, informed counsel for the plaintiff that if the execution proceedings on the federal judgment were not withdrawn, he would file a motion with the Court of Common Pleas of Indiana County to hold defendant in contempt and to insure that the execution was stayed.

On April 16, 1993, I temporarily enjoined defendant Mizerock "from obstructing the execution proceeding of this Court by improper means, specifically by filing any action in the Court of Common Pleas in Indiana County." The matter is currently before the Court on defendants' Motion To Vacate Temporary Restraining Order (Docket No. 16). After hearing argument on defendants' motion, and upon careful consideration, I will deny the Motion To Vacate.

 42 Pa.C.S.A. § 4306(b) provides in pertinent part that a foreign judgment transferred to a court of common pleas within the Commonwealth of Pennsylvania "shall be a lien as of the date of filing and shall have the same effect and be subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of any court of common pleas of this Commonwealth and may be enforced or satisfied in like manner." This language is admittedly broad; however, it should not, and has not, been construed to override the constitutional prescription that full faith and credit be given in each state to judicial proceedings in other states and the federal courts. U.S. Const. Art. IV, Sec. 1; 28 U.S.C. § 1738 (Full Faith and Credit Act).

In *Noetzel v. Glasgow, Inc.*, 338 Pa.Super. 458, 487 A.2d 1372, 1375 (1985), it was stated that, "A foreign judgment is entitled to full faith and credit in Pennsylvania so long as 'there was jurisdiction by the court which originally awarded the judgment, see *Stambaugh v. Stambaugh*, 458 Pa. 147, 329 A.2d 483 (1974), and the defendant had an opportunity to appear and defend, see *Morris Lapidus Associates v. Airportels, Inc.*, 240 Pa.Super. 80, 361 A.2d 660 (1976).'" The court in *Noetzel* proceeded to deny a refusal to strike or open a judgment that had been properly obtained in West Virginia courts, explaining that:

> When a court of competent jurisdiction has determined a litigated cause on its merits, the judgment entered and not reversed on appeal is, forever and under all circumstances, final and conclusive as between the parties to the suit and their privies, in respect to every fact which might properly be considered in reaching a judicial deter-

mination of the controversy, and in respect to all points of law there adjudged, as those points relate directly to the cause of action in litigation.

*Id.*, 487 A.2d at 1376. The court held that the judgment entered in the West Virginia courts was *res judicata*, and therefore the judgment debtor was "precluded from relitigating the action, and from attacking the validity of the West Virginia judgment a second time in the courts of Pennsylvania." *Id.*

 Similarly, in *Nobel Well Service, Inc. v. Penn Energy*, 348 Pa.Super. 267, 502 A.2d 200 (1985), the court held that where a foreign judgment that was entered by a court with proper jurisdiction, and without derogation to the judgment debtor's basic due process rights, that judgment when it was transferred to Pennsylvania was presumptively valid, and would not be reopened and stricken. The *validity* of a foreign judgment is established in the transferor court, and may not be retried in the Pennsylvania courts, except for the limited purposes of determining whether the transferor court had jurisdiction to enter the judgment, and whether the judgment was obtained without derogating the judgment debtor's due process rights. *Id.*, 502 A.2d at 205, 206. *See also Everson v. Everson*, 494 Pa. 348, 431 A.2d 889 (1981) (foreign judgment properly entered by a court with jurisdiction held valid and entitled to enforcement by Pennsylvania even though such judgment could not have been obtained in Pennsylvania because violative of Pennsylvania law or public policy).

 Finally, *Greate Bay Hotel v. Saltzman*, 415 Pa.Super. 408, 609 A.2d 817 (1992), a case upon which defendant places great reliance, is in fact consistent with the proposition that 42 Pa.C.S.A. § 4306 does not empower Pennsylvania courts to open foreign judgments for reconsideration of the *merits*. In *Greate Bay*, a Pennsylvania trial court refused to enforce a New Jersey judgment transferred to Pennsylvania pursuant to the Act, holding that the New Jersey judgment was entitled to full faith and credit even though the judgment was for gambling debts (and therefore violative of Pennsylvania public policy), and the judgment debtor allegedly

did not receive notice of the default judgment. The Pennsylvania Superior Court held that Pennsylvania courts lack "both the power and the jurisdiction to open [a foreign] judgment and require that the merits of [the judgment debtor's] claim be litigated in Pennsylvania. Only a court of competent jurisdiction in [the jurisdiction where the judgment was initially entered] could open the default judgment which had been entered [in that jurisdiction]." *Id.*, 609 A.2d at 818.

 The teaching of *Greate Bay* is that Pennsylvania courts faced with judgments transferred pursuant to the Act may either enforce or refuse to enforce the judgment, but may not reopen such judgments for consideration of the merits. Rather, the validity of such judgments must be relitigated in the court of original jurisdiction. *See also Barnes v. Buck*, 464 Pa. 357, 346 A.2d 778, 783 n. 12 (1975).

These cases support the general proposition that judgments of courts with competent jurisdiction are entitled to a presumption of validity, and must be recognized as such by Pennsylvania courts when transferred pursuant to 42 Pa.C.S.A. § 4306. A mere procedural transfer of a final judgment to Pennsylvania from such a court for the purpose of effecting the judgment does not confer jurisdiction upon a Pennsylvania court to reconsider the merits of the case *de novo*. Rather, the Pennsylvania court may undertake a limited inquiry regarding the jurisdiction of the court that issued the judgment, and the process afforded the judgment debtor, and then determine whether to execute the judgment. Instantly, plaintiff's failure to appeal the July 31, 1991 order does not cure the fundamental lack of jurisdiction in the Court of Common Pleas of Indiana County to "reopen" a properly entered judgment in the first place. As noted in my April 16 memorandum, the order of the Court of Common Pleas may properly be construed as a temporary stay of execution of the judgment, affording Mizerock the opportunity to obtain a determination from *this Court* on his limited liability claim, which he has not done.

An appropriate order follows.

## *ORDER*

AND NOW, this 5th day of May, 1993, consistent with the foregoing memorandum opinion, defendants' Motion To Vacate Temporary Restraining Order (Document No. 16) is hereby DENIED. This Court's Memorandum Order and Opinion dated April 16, 1993 (Document No. 11) shall remain in effect as a preliminary injunction.