J-S72013-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| OLSON PARKER, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JOHN H. MCCLELLAND, D/B/A BUD'S AUTO SALES, | |
| Appellee | No. 388 WDA 2014 |

Appeal from the Order Entered January 30, 2014
In the Court of Common Pleas of Cambria County
Civil Division at No(s): 2013-2993

BEFORE:  BENDER, P.J.E., SHOGAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED DECEMBER 2, 2014**

Appellant, Olson Parker, appeals from the order granting Appellee John H. McClelland's petition to vacate foreign judgment.[1]  After careful review, we vacate that order and remand for a new hearing consistent with this memorandum.

The trial court summarized the applicable facts as follows:

[Appellant] is a resident of Florida.  [Appellee] owns and operates a car[]dealership in Pennsylvania.  In November of 2011, [Appellant] [performed] an internet search for a vehicle on

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] For the sake of clarity, we note that the issue in the instant case is whether the order in question from a Florida court may be enforced in Pennsylvania, and not whether a Pennsylvania court possesses jurisdiction to vacate the judgment of a foreign court.

the website Auto Trader. N.T. (Jan. 28, 2014), p. 34. Auto Trader directed [Appellant] to [Appellee's] website, which listed a 2008 GMC Yukon for sale. *Id.* [Appellant] indicated his interest in the vehicle by completing a form on Auto Trader. *Id.* at p. 35. On November 17, 2011, [Appellant] received a call from [Appellee's] employee, Tom Krcha ["Employee"]. *Id.* at p. 35. During negotiations, Employee told [Appellant] that the vehicle had no visible damage. *Id.* at p. 44. Employee also provided [Appellant] with a Carfax report, which did not indicate any accidents or repairs. *Id.* at pp. 45-46. [Appellant] and Employee agreed on a price, and Employee faxed a retail order form to [Appellant]. *Id.* at p. 23. On November 18, 2011, [Appellant] put $500 down on the vehicle. *Id.* at p. 27. On or about November 26, 2011, [Appellant] flew to Pennsylvania to retrieve the vehicle. *Id.* at p. 39. Thereafter, [Appellant] discovered that the vehicle had multiple replacement parts, signifying that the vehicle had been involved in an accident. *Id.* at p. 40.

Ultimately, [Appellant] filed suit against [Appellee] in Broward County, Florida. *Id.* at p. 42. On March 4, [2013], a default judgment was entered in Broward County against [Appellee] in the amount of $14,123.13. PRAECIPE TO FILE AND INDEX FOREIGN JUDGMENT. On September 6, 2013, [Appellant] filed with this Trial Court a Praecipe to File and Index Foreign Judgment. On September 12, 2013, [Appellee] filed a Petition to Vacate Foreign Judgment wherein it was asserted that Florida did not have proper jurisdiction over [Appellee]. PETITION TO VACATE FOREIGN JUDGMENT, ¶ 3. This Court held a hearing on January 28, 2014[,] to determine whether Florida had specific personal jurisdiction over [Appellee] with respect to the aforementioned transaction. On January 30, 2014, the Court entered an Order granting [Appellee's] Petition to Vacate Foreign Judgment.

Trial Court Opinion (TCO), 4/25/14, at 1 – 2.

Appellant filed a timely notice of appeal, and a timely concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). He now presents the following questions for our review:

> I. Whether the [trial] [c]ourt committed an error of law when it placed the burden of proof on [Appellant]?

II. Whether the [trial] [c]ourt committed an error of law when it permitted [Appellee] to collaterally attack whether or not a [tortious] act was committed?

III. Whether the [trial] [c]ourt committed an error of law and/or abused its discretion in granting [Appellee's] [p]etition to [v]acate [f]oreign [j]udgment by finding that Florida lacked jurisdiction pursuant to Florida's long arm statute?

Appellant's brief at 2.

This Court has stated that, "The full faith and credit clause of the United States Constitution requires state courts to recognize and enforce the judgments of sister states." ***Southern Medical Supply Co. v. Myers***, 804 A.2d 1252, 1256 (Pa. Super. 2002). Thus, our standard of review regarding petitions to strike foreign judgments "is limited to whether the trial court manifestly abused its discretion or committed an error of law." ***Id.***

We note that in its opinion, the trial court concedes that it committed an error of law in the instant case:

> [Appellant] argues the [t]rial [c]ourt erred in placing the burden of proof on [him]. CONCISE STATEMENT, ¶ 1. In the instant matter, the burden of proof, by a preponderance of the evidence, is on the litigant "who would escape the operation of a judgment decreed in another state," i.e., [Appellee]. ***Commonwealth. v. Petrosky***, 77 A.2d 647, 651 (Pa. Super. 1951). This Trial Court found that [Appellant] failed to prove that [Appellee] committed a tortious act within Florida. ORDER DATED JANUARY 30, 2014. Upon further consideration, the Trial Court agrees that the burden was improperly placed on [Appellant], and the Court requests this matter be remanded back to its jurisdiction so that the proper burden of proof may be applied.

TCO at 3.

We conclude the record supports the trial court's concession that it misapplied the burden of proof. *See* Order of 1/30/14 at 1 ("Specifically, the Court finds that [Appellant] failed to adequately prove that [Appellee] committed a [tortious] act within the State of Florida, and therefore, the subject judgment was entered by the [c]ourt in Broward County, Florida, without proper jurisdiction over [Appellee]"). Moreover, as the judgment was entered against Appellee, he escaped the operation of that judgment when it was vacated. When a party attacks a foreign judgment on the grounds that the issuing court lacked jurisdiction, the burden of proving that the court lacked jurisdiction lies with the attacking party. *Petrosky*, 77 A.2d at 651. Consequently, we conclude that the trial court committed an error of law, and we are required to vacate the trial court's order and remand for a new hearing.

Appellant also raises two additional claims in the instant appeal. First, Appellant argues that the trial court improperly considered the underlying merits of the case; namely, whether a tortious act occurred in Florida. In addition, Appellant argues that the trial court erred in determining Florida lacked jurisdiction pursuant to Florida's long arm statue, Fla. Stat. Ann. § 48.193.

In its opinion, the trial court stated that it did not consider the underlying merits of the substantive issues in question, and that it found Florida's long arm statute did not grant Florida jurisdiction. Given that the

- 4 -

trial court misapplied the burden of proof in making its determination, we recognize that the analysis of these issues in the trial court's opinion is *dicta*.

In the trial court, Appellant claimed Florida properly possessed specific jurisdiction over the matter in question, as Appellee committed a tortious act in Florida, thus granting Florida jurisdiction pursuant to its long arm statue.[2] We would note that "a judgment obtained in a sister state is presumptively valid, and may not be retried in Pennsylvania Courts except for the limited purpose of determining jurisdiction and whether a defendant's basic due process rights were protected." ***Nobel Well Service, Inc., v. Penn Energy***, 502 A.2d 200, 205 – 206 (Pa. Super. 1985). Therefore, upon remand, the trial court's inquiry will be limited to determining whether Florida properly possessed jurisdiction over this matter, as only the original court, *i.e.*, the Florida court, may open the judgment on the merits.[3] ***See Greate Bay Hotel v. Saltzman***, 609 A.2d 817 (Pa. Super. 1992).

_____

[2] Appellant did not argue that Appellee possessed sufficient minimum contacts to establish general jurisdiction in Florida over Appellee. ***See International Shoe Co. v. State of Wash., Office of Unemployment Compensation and Placement***, 326 U.S. 310 (1945).

[3] While the Florida litigation resulted in a default judgment for Appellant, there is nothing in the record to suggest that Appellee's failure to appear was the result of a violation of his due process rights. However, Appellee's failure to appear did not waive his right to challenge Florida's jurisdiction over him, as under Florida law, "[a] judgment that is entered against a defendant over whom the court lacks personal jurisdiction is a void judgment" and "a void judgment may be collaterally attacked at any time." ***Wiggins v. Tigrent, Inc.***, 147 So.3d 76, 81 (Fl. Dist. Ct. App. 2014) (internal citations omitted).

Moreover, under Florida law, the initial inquiry in determining the propriety of long arm jurisdiction is whether the plaintiff has pled sufficient jurisdictional facts to subject the defendant to that jurisdiction. ***Washington Capital Corp. v. Milandco, Ltd., Inc.***, 695 So.2d 838, 839 (Fl. Dist. Ct. App. 1997) (citing ***Venetian Salami Co. v. Parthenais***, 554 So.2d 499, 502 (Fla.1989)). Consequently, we would caution the trial court that, upon remand, the threshold question shall be what jurisdictional facts were actually pled in the Florida court, without additional fact-finding.[4]

Order vacated. Case remanded for a new hearing consistent with this memorandum. Jurisdiction relinquished.

---

[4] The second inquiry to determine whether Florida properly possessed jurisdiction will be whether Appellee maintained "certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." ***Wendt v. Horowitz***, 822 So.2d 1252, 1257 (Fla. 2002) (internal citations omitted). The commission of a tortious act in Florida is sufficient to establish such contacts. ***Id.*** at 1258. Moreover, physical presence is not required to establish jurisdiction, as making "telephonic, electronic or written communications into Florida from outside of the State can constitute committing a tortious act." ***Id.*** Again, we would note that only the Florida court possesses jurisdiction to consider the underlying merits of the issues in question. The trial court's review on remand will be limited solely to whether the Florida court possessed jurisdiction.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/2/2014