J-A20027-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| NATIONAL FUNDING, INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JSA MECHANICAL, INC., D/B/A JSA | : | No. 2460 EDA 2021 |
| MECHANICAL, JAMES STRITCH | : | |

Appeal from the Order Entered October 21, 2021
In the Court of Common Pleas of Delaware County
Civil Division at No:  CV-2018-003440

| | | |
|---|---|---|
| NATIONAL FUNDING, INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JSA MECHANICAL, INC., D/B/A JSA | : | No. 2518 EDA 2021 |
| MECHANICAL, JAMES STRITCH | : | |
| | : | |
| Appellants | : | |

Appeal from the Order Entered October 21, 2021
In the Court of Common Pleas of Delaware County
Civil Division at No:  CV-2018-003440

BEFORE:   STABILE, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY STABILE, J.:                  **FILED MARCH 10, 2023**

Presently before us are the trial court's October 21, 2021 orders (1)

striking a foreign judgment entered in Pennsylvania pursuant to the Uniform

---

[*] Retired Senior Judge assigned to the Superior Court.

Enforcement of Foreign Judgments Act, 42 Pa.C.S.A. § 4306, (2) striking a suggestion of bankruptcy, and (3) denying a motion to disgorge funds garnished pursuant to the stricken judgment. Appellant/Cross-Appellee National Funding, Inc. ("NFI") appeals from the orders striking the judgment and striking a suggestion of bankruptcy. Appellees/Cross-Appellants JSA Mechanical, Inc. ("JSA") and James Stritch ("Stritch" and, collectively with JSA, the "JSA Parties") appeal from the order denying their petition for disgorgement of garnished funds. We reverse the orders striking the judgment and striking the suggestion of bankruptcy. We affirm the order denying disgorgement of garnished funds.

The record reveals that, on April 13, 2017, NFI loaned JSA $115,200.00 (the "Loan"). The Loan agreement included a personal guarantee (the "Guarantee") of the debt from Stritch, JSA's president. Pursuant to the Loan agreement the parties agreed to venue and jurisdiction in California and JSA, the borrower, waived service of process. JSA soon defaulted on the loan, prompting NFI to file suit in California on September 19, 2017. On January 17, 2018, judgment was entered in California in favor of NFI and against the JSA parties in the amount of $114,229.49. On May 7, 2018, NFI, in accordance with § 4306, filed a judgment against JSA and Stritch in Delaware County, Pennsylvania (the "Delaware County Judgment), in the amount of $117.363.02. NFI served notice of the Delaware County Judgment by process server, but not by sheriff.

On July 17, 2018, the parties arrived at a settlement agreement (the "Settlement") whereby the JSA Parties acknowledged the amount of the judgment and agreed to an initial payment of $17,417.22—that amount representing garnished funds to be sent to NFI from one of the JSA Parties' bank accounts—followed by $3,000.00 per month for 36 months. In exchange, NFI agreed to withhold execution of the Delaware County Judgment. The JSA Parties made the initial payment followed by one monthly installment. On January 16, 2020, Stritch filed for Chapter 7 bankruptcy in the Eastern District of Pennsylvania. The bankruptcy proceeding was converted to Chapter 13 on May 13, 2020.

While the bankruptcy was pending, the JSA Parties moved in the instant matter to strike the Delaware County Judgment and for disgorgement of the money garnished pursuant thereto. NFI opposed those motions and filed a suggestion of Stritch's bankruptcy on June 24, 2021, which was followed by the JSA Parties' motion to strike the suggestion on July 7, 2021. On October 21, 2021 the trial court disposed of these motions as set forth above.

The JSA Parties filed a notice of appeal on Monday, November 22, 2021. The JSA Parties' appeal was timely because the thirtieth day from the trial court's order fell on Saturday, November 20, 2021.[1] NFI filed a notice of

---

[1] When the last day of a statutory time period falls on a Saturday, Sunday, or legal holiday, that day is excluded from the computation of time. 1 Pa.C.S.A. § 1908.

appeal time stamped November 24, 2021, two days after the JSA Parties' notice of appeal but outside of the thirty-day deadline specified in Pa.R.A.P. 903(a). "The timeliness of an appeal and compliance with the statutory provisions granting the right to appeal implicate an appellate court's jurisdiction and its competency to act" *Commonwealth v. Williams*, 106 A.3d 583, 587 (Pa. 2014). This case, however, involves the parties' cross appeals. The Rules of Appellant Procedure provides that a cross-appeal may be filed within fourteen days of the date of the original notice of appeal. Pa.R.A.P. 903(b). Thus, if the original appeal is filed on the final day of the thirty-day appeal period, a cross-appeal filed two weeks later is timely, even though the cross appeal is filed well outside of the original thirty-day period. *Krankowski v. O'Neil*, 928 A.2d 284, 285 (Pa. Super. 2007). Because this case involves cross appeals, and because NFI filed its notice of appeal only two days after the JSA Parties' notice of appeal, NFI's notice of appeal is timely under Rule 903(b).[2]

_____

[2] The note to Rule 903 states, "[a] party filing a cross appeal pursuant to subdivision (b) should identify it as a cross appeal in the notice of appeal to assure that the prothonotary will process the cross appeal with the initial appeal." Pa.R.A.P. 903, note. The note describes what a cross appellant "should" do, as a matter of administrative convenience, but not does not describe what a cross appellant **must** do, in order for this Court's jurisdiction to attach. NFI failed to identify its appeal as a cross appeal, just as it failed to include the required filing fee with its earlier notice of appeal that was not accepted for filing. NFI is fortunate that, by operation of Rule 903(b), its mishandling of its notice of appeal does not require quashal.

Furthermore, we are cognizant that orders opening or striking judgments are not ordinarily considered final orders. But in the case of a foreign judgment transferred to Pennsylvania under § 4306, an order striking the judgment effectively ends all litigation in Pennsylvania. Thus, our courts have treated such orders as final appealable orders. *Greate Bay Hotel & Casino, Inc. v. Saltzman*, 609 A.2d 817, 818 (Pa. Super. 1992). Likewise, the trial court's order refusing the JSA Parties request for disgorgement of garnished funds is final because it put the JSA Parties out of court on that issue.

We now proceed to the merits, beginning with a review of NFI's appeal from the trial court's order striking the Delaware County Judgment.

> A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record. [A] petition to strike is not a chance to review the merits of the allegations of a complaint. Rather, a petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief. A fatal defect on the face of the record denies the prothonotary the authority to enter judgment. When a prothonotary enters judgment without authority, that judgment is void ab initio. When deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a [default] judgment, a court may only look at what was in the record when the judgment was entered.

> A judgment is void on its face if one or more of three jurisdictional elements is found absent: jurisdiction of the parties; subject matter jurisdiction; or the power or authority to render the particular judgment. The term "jurisdiction" relates to the competency of the individual court, administrative body, or other tribunal to determine controversies of the general class to which a particular case belongs. Moreover, it is never too late to attack

- 5 -

> a judgment or decree for want of jurisdiction, as any such judgment or decree rendered by a court which lacks jurisdiction of the subject matter or the person is null and void, and can be attacked by the parties at any time. A petition to strike a judgment founded on a jurisdictional deficiency is therefore not subject to the same timeliness considerations as a petition to open the judgment.

***Green Acres Rehab. & Nursing Ctr. v. Sullivan***, 113 A.3d 1261, 1267-68 (Pa. Super. 2015). Because an appeal pertaining to a stricken judgment presents questions of law, or standard of review is *de novo* and our scope of review is plenary. ***Id.***

In its opinion, the only substantive basis the trial court offered for striking the judgment was that the original process in the Delaware County Judgment was served by process server and not by the local sheriff, in violation of Rule 400(a) of the Pennsylvania Rules of Civil Procedure.[3] Trial Court Opinion, 2/11/22, at 5 n.2. We are cognizant that the Uniform Enforcement of Judgments Act contains its own notice provisions. 42 Pa.C.S.A. § 4306(c). There is no suggestion that these were not followed here. In any event, invalid service of process is a waivable defect. ***See Korman Commercial Prop., Inc. v. Furniture.com, LLC***, 81 A.3d 97, 100 (Pa. Super. 2013). On the record before us, the JAS Parties plainly waived any defects in service, both in California and Pennsylvania.

---

[3] Rule 400(a) provides that, subject to exceptions not pertinent here, "original process shall be served within the Commonwealth only by the sheriff." Pa.R.C.P. 400(a).

We begin with the Loan:

> **18.  Consent to Jurisdiction and Venue.**  Borrower and Lender agree that any action or proceeding to enforce or arising out of this Agreement may be commenced in any court of the State of California or in the United States District Court for the Southern District of California, and *Borrower waives personal service of process* and agrees that a summons and complaint commencing an action or proceeding in any such court shall be properly served and confer personal jurisdiction if served by registered or certified mail to Borrower, or as otherwise provided by the laws of the State of California or the United States of America.  Borrower and Lender agree that venue is proper in such courts.

Loan, 4/13/17, at ¶ 18 (italics added).  Thus, JSA (the borrower in the Loan agreement), expressly waived service of process for the California Action.

Pursuant to the Guarantee provision of the Loan, Stritch, as guarantor, "waives all notices to which the Guarantor might otherwise be entitled by law, and also waives all defenses, legal or equitable, otherwise available to the Guarantor."  ***Id.*** at ¶ 32.  The JSA Parties do not dispute the validity of the Loan agreement.

Likewise, in the Parties' Settlement,[4] executed **after** entry of the Delaware County Judgment, the JSA Parties acknowledged the following:

> 1.    [The JSA Parties] agree that the [Delaware County Judgment] balance is due and owing and acknowledges that interest accrues on the judgment at 6% from the date it was entered on the records of the court.
>
> […]

---

[4]  The Loan and Settlement were made a part of the certified record as exhibits to NFI's June 24, 2021 filing in opposition of the JSA Parties' motion to strike the Delaware County Judgment.

8.    The terms of this Agreement are contractual in nature and not mere recitals and may be enforced as a contract by a court. Each party to this Agreement acknowledges that it has read and understands this Agreement and has obtained the advice of counsel in deciding to execute this Agreement.

Settlement, 7/17/18, at ¶¶ 1, 8. Thus, the JSA parties acknowledged, in an agreement signed after seeking the advice of counsel, the validity of the Delaware County Judgment.

The JSA Parties argue, however, that they entered the Settlement based on a mutual mistake—the parties' belief that the Delaware County Judgment was valid. We disagree.

The doctrine of mutual mistake of fact serves as a defense to the formation of a contract and occurs when the parties to the contract have an erroneous belief as to a basic assumption of the contract at the time of formation which will have a material effect on the agreed exchange as to either party. A mutual mistake occurs when the written instrument fails to set forth the true agreement of the parties. The language on the instrument should be interpreted in the light of subject matter, the apparent object or purpose of the parties and the conditions existing when it was executed.

*Murray v. Willistown Twp.*, 169 A.3d 84, 90 (Pa. Super. 2017).

As of the date of signing of the Settlement, the JSA Parties were represented by counsel, and they were aware of the way they were served with notice of the Delaware County Judgment. They nonetheless acknowledged the validity of the Delaware County Judgment. Moreover, the Delaware County Judgment was entered under § 4306, pursuant to which Pennsylvania gives full faith and credit to judgments validly entered in sister states. The original judgment was entered in California pursuant to the Loan

agreement, in which JSA waived service of process, and pursuant to the Guarantee, in which Stritch agreed to waive all defenses, legal and equitable, to any action thereunder. The JSA Parties never contested the validity of the California judgment, and they executed the Settlement on advice of counsel and aware of all relevant facts, including the way they received service of the Delaware County Judgment. Mutual mistake does not apply here.

The JSA Parties reliance on *Modern Muzzle Loading, Inc. v. Thomas F. Gowan & Sons, Inc.*, 2019 Pa. Super. Unpub. LEXIS 4327 (Pa. Super. November 19, 2019), is similarly misplaced. In that case, the plaintiff obtained a judgment against the defendant in Tennessee. The Tennessee judgment was entered against the defendant in Pennsylvania pursuant to § 4306. Because service of process of the original action in Tennessee was invalid, this Court affirmed and order striking the Pennsylvania judgment. *Modern Muzzle Loading* is both nonbinding and inapposite, as there was no waiver of service of process in that case. The *Modern Muzzle Loading* opinion does not reference any agreement in which the defendant waived service of process in the foreign action. Nor does that opinion reference a subsequent settlement agreement acknowledging the validity of the Pennsylvania judgment.

In conclusion, defective service of process was not a valid basis for striking the Delaware County Judgment. The trial court erred in doing so.

Next, we consider NFI's argument that the trial court erred in striking its suggestion of Stritch's bankruptcy. There is no dispute that Stritch filed for bankruptcy in the Eastern District of Pennsylvania at petition number 20-10313-mdc. A suggestion of bankruptcy is an appropriate means of alerting a state court of a party's pending bankruptcy so that the state court may discern the ramifications of any pertinent federal law, such as the automatic stay under 11 U.S.C. § 362 or discharge of indebtedness under 11 U.S.C. § 727(b). **Gubbiotti v. Santey**, 52 A.3d 272 (Pa. Super. 2012), **appeal denied**, 67 A.3d 797 (Pa. 2013). It is not clear why Stritch did not file a suggestion of bankruptcy himself. In any event, we discern no valid basis for the trial court's order striking NFI's suggestion of Stritch's bankruptcy.

The remaining argument before us is the JSA Parties' argument that the trial court erred in denying their request for disgorgement of funds garnished pursuant to a stricken judgment. Because the JSA Parties' argument rests on the order striking the Delaware County Judgment, and because we reverse that order, the JSA Parties' argument fails.

For the foregoing reasons, we reverse the orders striking the Delaware County Judgment and the suggestion of bankruptcy. We affirm the order denying the JSA Parties' petition for the return of garnished funds.

Orders affirmed in part and reversed in part. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/10/2023